SMITH *v.* BRINSON.

FISH, C. J. On the trial of an action for damages for fraud and deceit the plaintiff alleged in his petition that the defendant was in "the real-estate business, . . and plaintiff employed defendant as his agent to sell" certain land owned by him "for not less than one thousand dollars, and agreed to pay five per cent. commission on the sale of the same." A few days thereafter, defendant told plaintiff that he had a "purchaser at the sum of one thousand dollars, but that said purchaser was not in a position to pay for it then, but this defendant in order to bind the bargain would pay the petitioner one thousand dollars less five per cent. and have the deed made to himself, and would then transfer it to the prospective purchaser. . . Acting on the said assurance, and relying on the good faith of his agent, . . petitioner did make said sale, and deed the same to the said [defendant] for the sum of nine hundred and fifty dollars. . . At the time the said [defendant] made this representation to petitioner, he had an offer for said land for the sum of fifteen hundred dollars, which offer he did not communicate to petitioner or advise him in any way." On a date named the defendant did sell the land to named parties for that amount, which offer "had been made to him prior to the time he made said offer to petitioner. . . Through the bad faith and concealment

of the facts by the said defendant he did defraud petitioner of the sum of five hundred dollars, the amount he received in excess of the sum he proposed to petitioner, and on account of his said bad faith he is not entitled to the commission of fifty dollars which petitioner paid on the sum proposed by him." Defendant demurred to the petition, and excepted pendente lite to the overruling of the demurrer, assigning error thereon in his bill of exceptions to this court. In his answer defendant denied the material allegations in the petition, and pleaded that the transaction between himself and plaintiff was that of purchase and sale and not that of principal and agent, and that in the subsequent conveyance of the property, which was for $1,500 ($500 of which was in cash and the balance in two deferred payments of $500 each) he acted for himself and not as agent of plaintiff. The evidence was conflicting, and the jury returned a verdict for the plaintiff. The defendant made a motion for new trial, and excepted to the overruling of the same. *Held:*

1. The petition set forth a cause of action, and the general demurrer thereto was properly overruled.

2. A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle applicable to the case.

3. The court in its instruction to the jury did not intimate an opinion as to the proof of any fact in the case.

4.. The court sufficiently stated the contentions of the parties, and, in the absence of appropriate written request for a fuller charge in that respect, did not err in failing to give to the jury "the legal definition of an agent," or to lay "down some criterion to guide them in determining what it took to constitute an agency."

5. There was no error in admitting the testimony complained of in the fourth ground of the motion for new trial.

6. A ground of a motion for new trial not argued in counsel's brief or referred to therein will be treated as abandoned. *Almand* v. *Pate,* 143 *Ga.* 711 (85 S. E. 909).

7. There was evidence to support the verdict, and the court did not err in overruling the motion for new trial.

       *Judgment affirmed. All the Justices concur.*

       JUNE 26, 1916.

Action for damages. Before Judge Thomas. Decatur superior court. February 20, 1915.

*Harrell & Wilson,* for plaintiff in error.

*M. E. O'Neal* and *W. V. Custer,* contra.