### WINGATE *v.* GORNTO, sheriff.

1. A judgment rendered by the judge of the city court of Valdosta, under the act establishing the Georgia Training School for Girls (Acts 1913, p. 87), conferring jurisdiction on the judges of city courts to render judgment in certain cases therein prescribed, is not void because the petition was directed to a different court, when it appears that the petition was given to the judge of the city court, who endorsed a rule nisi thereon, and that the further proceedings were in pursuance of the rule nisi and in conformity with the act of 1913.

2. The procedure contemplated in the act of 1913 is not required to be based on a written accusation signed by a prosecutor and by the prosecuting attorney.

No. 132. August 16, 1917.

Habeas corpus. Before Judge Cranford. Valdosta city court. October 14, 1916.

Mrs. J. H. Singletary, as next friend of Lucile Wingate, a female minor, applied for a writ of habeas corpus against J. E. Gornto, sheriff of Lowndes county, alleging that Lucile Wingate was illegally restrained of her liberty by the sheriff under the pretense of an order granted by the judge of the city court of Valdosta, which order was alleged to be void. The sheriff made a return of

the habeas corpus, admitting that he held the minor in, virtue of
an order of the judge of the city court, but denied that the order
of the court or the detention was illegal.  The court discharged
the writ.

  *Dan R. Bruce,* for plaintiff.

  *Philip Weltner* and *E. K. Wilcox,* for defendant.

  EVANS, P. J.  The General Assembly in 1913 passed an act es-
tablishing an institution to be known as the Georgia Training
School for Girls, and authorizing the judges of the city and
superior courts to commit girls of certain classes to that institu-
tion.  Acts 1913, p. 87.  The seventh section of the act is as fol-
lows:  "That the judges of the city and superior courts may in
their discretion commit to the Georgia Training School for Girls
any girl under eighteen years of age, who has committed any of-
fense against the laws of this State, not punishable by death or
life imprisonment, or who habitually associates with vicious or
immoral people, or who is incorrigible to such an extent that she
can not be controlled by parent or guardian, there to be held until
such girl reaches the age of twenty-one, unless sooner discharged,
bound out, or paroled under the rules and regulations of said
board of managers; provided, however, that no girl who is insane
or an idiot or afflicted with an incurable disease shall be sentenced
or committed to said institution.  The judges of the city and supe-
rior courts may hear and determine such cases presiding in court
or in chambers; provided, that any girl brought before court shall
have a right to demand trial by jury, and may appeal from the
judgment of said court as provided by law.  The fees that are now
allowed by law for carrying persons to the penitentiary shall be
allowed to the sheriffs of the various counties of the State for
services in taking such girls as may be committed by the several
courts to the Georgia Training School for Girls."  Agnes McKinna
caused to be prepared a petition with the caption, "Georgia,
Lowndes County," and addressed "To the Court of Ordinary of
said County," wherein it was alleged that Lucile Wingate, a
girl under the age of eighteen years, and the daughter of K. L.
Wingate, was being reared under conditions which' are detri-
mental to her moral character; that her father had deserted her,
and resided in another State; that her mother was dead, and the
child resided with Mrs. Minnie Clements, her aunt, who was im-

13

moral and wholly unfit to care for, maintain, and rear her, and should be deprived of her custody. The petition was presented to the judge of the city court of Valdosta, who passed an order directing the female minor to show cause on the next day why she should not be committed to the Georgia Training School for Girls or other institution for the care of children, according to the prayer of the petition. The order further provided for service upon the girl. There was no entry of filing of the petition in the city court of Valdosta. On the day appointed for the hearing a judgment was rendered, reciting as follows: It appearing from the evidence that Lucile Wingate, of the age of fifteen years, is mentally sound, and is not afflicted with any incurable disease of any sort, and that she habitually associates with immoral persons, or is incorrigible to the extent that she can not be controlled; that she is found to be living in the home of two named persons who are proved to be immoral persons; that the minor waives trial by jury; and that the best interests require that she be committed to the Georgia Training School for Girls: whereupon it is ordered that she be committed to the Georgia Training School for Girls until she reaches the age of twenty-one years, unless sooner discharged therefrom, bound out, or paroled under the rules and regulations of the board of managers of that institution. It is by virtue of this judgment that the sheriff has in his custody the female minor whose release is sought in the application for habeas corpus.

1. The judgment of the city court of Valdosta, committing the female minor to the Georgia Training School for Girls, is attacked as being invalid, because the petition on which the judgment rests was addressed to the court of ordinary of Lowndes county, and the city court of Valdosta was without jurisdiction to act on it. The petition was addressed to the wrong court—to a court without jurisdiction of the subject-matter; but it was never filed in that court, nor did it ever become a proceeding of the court of ordinary. The petition was handed to the judge of the city court for action; he treated it as a proceeding in the city court, and passed an order requiring service of the petition and an appearance of the minor before him. The misdirection of the address of the court was an amendable defect, which is cured by the judgment. *Parish* v. *Davis,* 126 *Ga.* 840 (55 S. E. 1032).

2. It is further contended that the city court of Valdosta is a court of prescribed procedure, which is contained in the act of its creation, and that a proceeding of this kind is criminal in its essential characteristic, and must be based on a written accusation, signed by the prosecutor and the prosecuting attorney. The error of this criticism is the confusion of a proceeding designed to protect girls under the age of 18 years, during their minority, from the evil results of association with vicious or immoral people. It is not a criminal proceeding. Its object is not to punish for commission of crime, but to reclaim and rescue certain classes of females from a possible criminal career. The act establishing the training school contains scanty machinery for effecting its purposes, but there is no requirement in it that a court with jurisdiction over the subject-matter shall proceed as in criminal cases. The judgment is not void because of the lack of a written accusation signed by the prosecutor and prosecuting attorney.

*Judgment affirmed. All the Justices concur.*