## 12643.  PERSONS *v.* THE STATE.

BROYLES, C. J.   1.   Confessions, to be admissible, must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury.   Penal Code (1910), § 1032.

2. All admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction. Penal Code (1910), § 1031.

3. It is well settled that where the judge undertakes to charge upon a certain subject, although it be one upon which it is unnecessary, in the absence of a request, to instruct the jury, he must charge *all* the law upon that subject that is material to the facts of the case. In the instant case, the court having charged upon the subject of admissions, and the State largely relying upon certain alleged admissions of the accused for a conviction, and there being an issue of fact as to whether the admissions were freely and voluntarily made, the court committed reversible error in failing to charge, even in the absence of a request therefor, the principles of law set forth above.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 16, 1921.

Indictment for assault with intent to murder; from Carroll superior court — Judge Roop. June 4, 1921.

A ground of the motion for a new trial was that the court erred in charging the jury as follows: " Certain · evidence has been offered before you, claimed ˙by the State to be admissions amounting to inculpatory or incriminating statements. You look to the evidence and determine whether or not any such admissions or incriminating statements have been made, — if the defendant George Persons made any such admissions or inculpatory statements. If he did, why then you will determine from the evidence whether or not such admissions were freely and voluntarily made, without being induced by another by the slightest hope of benefit or remotest fear of injury. If you find that any admissions were made, and they were made under those circumstances, why then you should consider them, along with other testimony in the case, in determining the guilt or innocence of the defendant. You may consider such admissions, if there be any, both in determining whether or not he is guilty of the offense of assault with intent to murder, or of the offense of shooting at another." It is contended in this ground of the motion for a new trial that the court erred in not charging that if it should appear that the admissions were not freely and voluntarily made, or were induced by the slightest hope of reward or

fear of injury, they should not be considered by the jury; that the court erred also in not charging that all admissions should be scanned with care and confessions of guilt should be received with great caution, and that admissions alone, uncorroborated by other evidence, will not justify a conviction; that the failure so to instruct the jury, in connection with the instructions quoted above, led the jury to believe that the defendant could be convicted on the uncorroborated admissions of the defendant.

*James Beall,* for plaintiff in error.