## 12895.  MULLIN v. THE STATE.

After the court had charged the jury that they were the exclusive judges of the credibility of all the witnesses, it was not error to fail to charge, without request, the substance of section 5732 of the Civil Code (1910), as to what a jury may consider in determining where the preponderance of evidence lies.

DECIDED DECEMBER 13, 1921.

Indictment for sale of liquor; from Floyd superior court — Judge Wright.

*Porter & Mebane, Harris & Harris,* for plaintiff in error.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.

BLOODWORTH, J. 1. In the brief of counsel for the plaintiff in error there is no general insistence on all grounds of the motion for a new trial. The brief is confined to that ground of the motion which alleges error in the charge because the judge, after having correctly instructed the jury that they " are the exclusive judges of the credibility of all the witnesses, " failed to charge the substance of § 5732 of the Civil Code of 1910. This was not error. There was no timely and proper request so to charge. Even had the principle involved been applicable, this court and the Supreme Court have frequently held that " a correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions. " *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261), and citations. See also *Helms* v. *State* 138 *Ga.* 832 (5) (76 S. E. 353), and cases cited.

2. Counsel for plaintiff in error, in their brief, say: " The evidence authorized the verdict provided the court had given a proper charge to the jury. " The rulings referred to in the preceding paragraph show that there was no error in the charge of which complaint is made.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*