## 12503.   SAVANNAH & ATLANTA RAILWAY *v.* ROWELL.

STEPHENS, J.   1. It is not necessary for the trial judge, in every part of his charge to the jury, to specifically instruct them that the principles of law announced must be confined to and applied only to the particular issues made by the evidence and the pleadings. It is sufficient that the judge generally instructs the jury that they are in their investigation to be confined to the issues so made, and does not anywhere instruct the jury otherwise or use language which might mislead.   Where, in a suit for damages against a railroad corporation, the court charged the jury that where damage is shown to have resulted from the running of the defendant's cars, there arises a presumption of negligence against the defendant, and that there can be no recovery against the defendant unless the latter has been guilty of some acts of negligence, and that if the jury finds that there has been a violation by the defendant of a legal duty, under the circumstances, to the plaintiff, the latter would be entitled to recover in such amount as is shown by the evidence, such charge is not subject to the exception that it was erroneous and harmful to the defendant in that the court did not instruct the jury that

in applying the principles of law announced they should be restricted to the allegations in the petition, since the court's attention was not called to this omission, and since the judge generally charged the jury that the " burden rests upon the plaintiff to make out his case with the greater weight of credible testimony on the issues here involved," and since such charge, when taken in connection with the remainder of the charge of the court, could only have been understood by the jury as being applicable to the case as made by the pleadings. See, in this connection, *Ga. Ry. & Elec. Co.* v. *Reeves*, 123 *Ga.* 697 (8) (51 S. E. 610).

2. The giving in charge to the jury of a correct principle of law applicable to the case is not subject to the exception that the giving of such charge was error because another and distinct rule of law was not given in connection therewith. It follows, therefore, that where the court in the charge to the jury correctly instructed them as to the correct rule for measuring damages where the fault of the plaintiff exceeded that of the defendant and where the fault of the defendant exceeded that of the plaintiff, such charge was not error because it " took away from the consideration of the jury the issue as to whether the plaintiff and the defendant were equally negligent."

3. This being a suit by an administrator to recover against a railroad company for damages alleged to have been caused to his intestate's automobile by the operation of a train belonging to the defendant, and there being evidence from which a jury could infer that the proximate cause of the damage to the automobile was the negligence of the defendant in running its train at a negligent rate of speed across a public crossing, the approach to which was obscured by a railroad cut, and that the train was being negligently operated by reason of the fact that the engine was pushing a box-car upon which no proper lookout was maintained, and that no warning by whistle or ringing of the bell was given by those in charge of the train in approaching the crossing, and that the damage done was equal to the amount found by the jury, the verdict was authorized.

        *Judgment affirmed.   Jenkins, P. J., and Hill, J., concur.*
           DECIDED FEBRUARY 10, 1922.

   Action for damages; from Burke superior court — Judge Henry C. Hammond.   April 30, 1921.

*Hitch, Denmark & Lovett,* for plaintiff in error.
*Frank S. Burney, Callaway & Howard,* contra.