*C. W. Foy,* for plaintiff in error. *C. B. Marshall,* contra.

---

14475.   INTERNATIONAL COTTON MILLS *v.* MOBLEY.

1. The grounds of the motion for a new trial which relate to rulings upon the admissibility of testimony are not in proper form for consideration.

2. It is not cause for a new trial that the court allowed counsel to state in the presence of the jury the answer he expected a witness to give to a certain question, which answer the court ruled was not admissible as evidence.

3. Each ground of a motion for a new trial must be complete in itself, and a ground which refers to another ground of the motion and which can not be understood without examination of the ground referred to will not be considered.

4. Failure to charge the jury more fully on the subject of contributory negligence or want of ordinary care on the part of the plaintiff is not cause for a new trial where there was no proper request for more full instructions on the subject.

5. The instruction to the jury, that if they believed, from the evidence, that the defendant failed to exercise ordinary care and diligence in furnishing machinery equal in kind to that in general use, and that as a result the plaintiff suffered damage, he would be entitled to recover, was not error, when considered with the remainder of the charge of the court and the facts of the case. This instruction was not rendered erroneous by failure to add, in the same connection, another legal principle applicable to the case.

6-7. No error of law appears, and this court can not interfere with the verdict, which was approved by the trial judge.

DECIDED OCTOBER 3, 1923.

Action for damages; from city court of LaGrange — Judge Duke Davis. March 14, 1923.

The plaintiff was injured by an electric shock from the cable of an elevator which he was operating as an employee in the defendant's mill, and recovered damages.

*A. H. Davis, A. H. Thompson,* for plaintiff in error.

*L. L. Meadors,* contra.

BLOODWORTH, J. 1. Each special ground of a motion for a new trial must be complete and understandable within itself, without reference to any other part of the record. *Franklin* v. *State,* 28 *Ga. App.,* 460 (*b, c*) (112 S. E. 170). The first special ground of the motion for a new trial in this case does not reveal who " Mr. Norris " or " Mr. Baugh " is, nor does the second special ground show what relation " J. A. Baugh Jr." bears to the case, and it would require reference to the brief of evidence to ascertain to what elevator the question asked referred. Even should we concede that the court erred in admitting the evidence referred to in the first special ground, this evidence was so hedged about by the statement of the judge when it was admitted, and by his reference thereto in the charge, that it could not have misled the jury. The second special ground does not show that the witness from whom an opinion was asked was an expert as to the matter under investigation, nor are any facts stated upon which the witness could base an opinion.

2. Where a question is asked a witness and objection thereto is made, it is not cause for a new trial that, in order to get the point fully in the record, the person propounding the question was allowed to state in the presence of the jury what he expected the witness to answer, the court ruling that the evidence was inadmissible and stating: " I have ruled it out. I will let it go in the record though, but it does not go to the jury." Especially is this true when no specific objection was then made to the jury's hearing the attorney state to the judge what answer was expected. Moreover, this ground of the motion does not show that the evidence referred to therein was harmful to the cause of the plaintiff in error, nor does it identify the make of the elevator about which the expert had testified in another case.

3. " Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32) ; *Wilkinson* v. *Bray,* 27 *Ga. App.* 277 (2) (108 S. E. 133). Under this ruling the 4th ground of the amendment to the motion will not be considered.

4. Ground 5 alleges that the court erred " because, as movant contends, the court did not charge the jury sufficiently on the subject of contributory negligence or want of ordinary care on the part of the plaintiff." If fuller instructions on these subjects were desired, requests therefor should have been made as provided by section 6084 of the Civil Code of 1910. *Weldon* v. *State,* 21 *Ga. App.* 330 (*a, b, c*) (94 S. E. 326) ; *Conley* v. *State,* 21 *Ga. App.* 134 (1, 2) (94 S. E. 261).

5. When considered in connection with the remainder of the charge and the facts of the case, the judge (after charging substantially in the language of sections 3130 and 3131 of the Civil Code of 1910) did not err in charging the jury, " if you believe from the evidence that the defendant failed to exercise ordinary care and diligence in furnishing machinery equal in kind to that in general use, and that as a result therefrom the plaintiff in this case suffered damages, why he would be entitled to recover." Nor is this charge error because of the failure of the judge, in the same connection, to instruct the jury upon another legal principle applicable to the case. *Smith* v. *Brinson,* 145 *Ga.* 406 (2) (89 S. E. 863) ; *Ray* v. *Warren,* 28 *Ga. App.* 663 (112 S. E. 831).

6. There is no merit in the remaining special grounds of the motion for a new trial.

7. The jury having passed upon the facts, the trial judge having approved their finding, and no error of law appearing, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*