15564.    ROME RAILWAY & LIGHT COMPANY *v.* KING.

The verdict for the plaintiff was authorized by evidence in support of the essential averments of the petition; and this court feels unauthorized to set it aside upon any of the exceptions to excerpts from the charge of the court, or to the failure to give certain instructions to the jury.

> DECIDED JANUARY 17, 1925.

Action for damages; from Floyd superior court—Judge Wright. April 8, 1924.

*L. A. Dean, Lamar Camp,* for plaintiff in error.

*Hooper Alexander, Porter & Mebane,* contra.

JENKINS, P. J.   1.   On a former bill of exceptions it was held that the petition for damages against the defendant street-railway company, on account of personal injuries to the plaintiff in being run down by an automobile while attempting to board the defendant's car, set forth a cause of action by reason of the alleged negligence of the defendant company in requiring its passengers to enter on the left side of its cars (despite the fact that a city ordinance required vehicles in meeting street-cars to pass on this, the left, side of the car, and prohibited such vehicles, in following street-cars on the right side, to pass them, but required them to come to a stop while a street-car was engaged in putting off or taking on passengers), and in carrying a peculiarly dazzling electric headlight, contrary to a city ordinance.   See 30 *Ga. App.* 231 (117 S. E. 464), where a statement of the facts and contentions in the case is set forth.

2.   It is the settled general rule that a trial judge, whether requested in writing or not, should give to the jury appropriate in-

structions on every substantial, vital, and controlling issue pre-
sented by the pleadings and evidence. *Mobley* v. *Merchants & Plant-
ers Bank,* 157 *Ga.* 658 (122 S. E. 233) ; *Walker* v. *State,* 122 *Ga.*
747 (2) (50 S. E. 994) ; *Florence* v. *Byrd,* 28 *Ga. App.* 695 (1) 113
S. E. 227) ; 1 Stevens' Dig. Ga. R. 407, 414; 7 Enc. Dig. Ga. R.,
Cum. Supp. 476-478, and cases cited.    But it is also the established
general rule that, where the judge has thus fairly and correctly in-
structed the jury, a party who desires more specific and concrete
instructions as to one of his contentions, or a definition or more
detailed explanation of general technical or legal words or phrases,
should make in writing a timely request therefor.    *Smith* v. *Brin-
son,* 145 *Ga.* 406 (89 S. E. 363) ; *Holmes* v. *Clisby,* 121 *Ga.* 241
(7) (48 S. E. 934) ; *Bullard* v. *Metropolitan Life Ins. Co.,* 31 *Ga.
App.* 641 (3), 642 (122 S. E. 75) ; *Weldon* v. *State,* 21 *Ga. App.*
330 (1 *e*) (94 S. E. 326) ; 1 Stev. Dig. 428 et seq., 493-4; 7 Enc.
Dig. Cum. Supp. 480-483.

3.    A correct charge is not to be characterized as erroneous
because of an omission by the court to charge in the same connec-
tion an additional pertinent legal proposition.    *Tucker* v. *Cen. of
Ga. Ry. Co.,* 122 *Ga.* 387 (5) (50 S. E. 128) ; *Wilson* v. *Small,* 28
*Ga. App.* 587, 591, 592 (113 S. E. 328) ; *International Cotton Mills*
v. *Mobley,* 30 *Ga. App.* 781 (5), 783 (119 S. E. 467) ; *Lovelace* v.
*Reliable Garage,* ante, 289 (125 S. E. 877). Accordingly, "an excep-
tion to a correct charge because of failure to give in the same con-
nection some other pertinent legal proposition is not a good assign-
ment of error."    *Hicks* v. *State,* 146 *Ga.* 221 (6) (91 S. E. 57).
But such an instruction should be in itself "complete, accurate, and
pertinent" with reference to the particular legal rule stated, and
"where the judge undertakes to charge upon a certain subject, al-
though it be one upon which it is unnecessary, in the absence of a re-
quest, to instruct the jury, he must charge all the law upon that
subject that is material to the facts of the case."    *Persons* v. *State,*
27 *Ga. App.* 592 (3) (109 S. E. 533) ; *Lucas* v. *State,* 110 *Ga.* 756
(36 S. E. 87) ; *Savannah Electric Co.* v. *Thomas,* 30 *Ga. App.* 405,
418 (118. S. E. 481).

The grounds of the defendant's motion for new trial dealt with
in this division of the opinion involve an application of the fore-
going general principles.

(*a*)    Exception is taken in ground 4 to the following excerpt:

"Preponderance of the testimony merely means an outweighing of the testimony, a tipping of the scales; it means that testimony which to your minds has the greater proving force. If in that way Mrs. King (plaintiff) has carried the burden, proven the negligence of the defendant railway company, proven herself free from fault, then she would be entitled to recover, otherwise she would not." Error is assigned because this was an instruction that "proof of negligence on the part of the defendant would authorize a recovery in plaintiff's favor, irrespective of whether her injury was the natural and legal result of defendant's negligence," and even though it "may have been caused by an agency entirely independent of defendant's negligence." Preceding this charge the court had stated the defendant's special contention as pleaded, that "the direct and proximate cause of Mrs. King's injury was the intervening cause of the driver of the automobile and his negligence," and later charged, "if you should find that the direct and proximate cause of this injury was not the negligence of the defendant, but was a separate intervening cause generated by a third party, then I charge you in that event the plaintiff could not recover, and your verdict ought to be for the defendant;" and this instruction was elaborated. As was said in the former ruling in this case, "the question as to what constitutes the proximate cause of an injury may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to" (30 *Ga. App.* 231 (2, 4)); and since this principle of law as applicable to the instant case was clearly set forth by the charge, the fact that in charging upon the other and different question relating to the preponderance of evidence the court did not again repeat the principle thus already fully dealt with by the charge can not be accounted as error.

(*b*) "Where there is a conflict between the bill of exceptions and the record as to matters which form a part of the record, the latter will control." *West* v. *Embree,* 146 *Ga.* 653 (1), 654 (92 S. E. 64); 4 Stevens' Dig. Ga. R. 3103. Ground 5 complains of the following charge: "The law authorizes you, if you see fit to do so, to take into consideration the witnesses' manner and demeanor on the stand, their interest or want of interest in the case, the opportunity they may have to know the fact about which they testify,

and the inducement they may have, if any, to swear falsely." It is contended that this excerpt is an "incorrect statement of the law, because it was an attempt to charge the rules for determining where the *preponderance* lies as laid down in section 5732 of the code," although it omitted from the rules so to be considered by the jury the rule that the jury may consider the intelligence of the witnesses, the nature of the facts testified to, the probability or improbability of the testimony of the witnesses, the personal credibility of the witnesses so far as it may legitimately appear from the trial, and the number of witnesses testifying in the case. It is contended that, having undertaken to charge the rules for determining the *preponderance* of the evidence, the court should have given the rules completely and accurately. Ground 6 complains of the failure to give accurately, anywhere in the charge, "the rules for determining where the preponderance of the evidence rested in the case," as prescribed in section 5732 of the Civil Code (1910). It will be noted that in the exceptions the language charged is not attacked as an erroneous statement of the rules for considering the *credibility* of witnesses. The judge correctly defined "preponderance of the evidence," and was under no duty, in the absence of a request, to state the additional rules for its determination. *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5) ; *Wade* v. *Eason,* 31 *Ga. App.* 256 (2). Had he in fact undertaken so to do, it would have been necessary to charge all the law upon that subject that was material and applicable. Thus, when a court gives in charge to the jury a part of section 5732 of the Civil Code (1910) as going to show how the preponderance of evidence is determined, it would be harmful error against the defendant to omit the portions indicated. *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (3), 676 (71 S. E. 1102) ; *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822). Where, however, as here, the record, which must control, shows that the excerpt quoted was not given in connection with the instruction on the preponderance of evidence, but, as the context shows, the court was dealing solely with the question of the credibility of the witnesses, and gave the substance of such rules, the omission to state, in connection with these rules determining credibility, other rules in the section as to the preponderance of evidence, in the absence of a written request therefor can not be accounted error. *Shields* v. *Carter,* 22 *Ga. App.* 507 (1) (96 S. E. 330) ; *Hammett*

v. *State, 27 Ga. App.* 624, 625 (110 S. E. 624) ; *Mullin* v. *State, 27 Ga. App.* 765 (110 S. E. 334).

(*c*) Exception is taken in the 9th and 11th grounds to the failure to charge that "plaintiff could not recover upon any acts of negligence other than those set out in her petition," and that "defendant was bound to show the exercise of ordinary care only in respect to those acts which were alleged in plaintiff's petition to be negligence." Such an omission, in the absence of written request, can not be taken as error. *Savannah & Atlanta Ry.* v. *Rowell, 28 Ga. App.* 191 (1) (110 S. E. 513). The charge complained of in the 10th ground,—"Look and see whether the defendant railway company used toward her (the plaintiff) this ordinary care; if they did, stop there and find for the defendant; if it did not, see what its negligence consisted of,"—could not, in view of the language immediately following,—"and whether she, by the exercise of ordinary care on her own part, could have avoided the injury to herself, if she was injured," etc.,—and the preceding language specifically charging the contentions of the pleadings, reasonably have been taken by the jury as referring to anything except the issues actually raised; nor does it appear how that instruction, even if erroneous, could, under any evidence, have been injurious to the defendant.

(*d*) The 15th, 16th, 17th, and 21st grounds complain of the failure of the court to define the meaning of the term "proximate cause," to charge the legal rules contained in sections 4508, 4509, and 4510 of the Civil Code (1910), and to explain their application to these questions and issues as raised by the amended answer. The court, however, did charge substantially in the language of the defendant's pleading. It "was not error as against the defendant for the trial judge to follow the phraseology of the defendant's plea" (*Woodbridge* v. *Drought, 118 Ga.* 671 (6), 45 S. E. 266), in view of the essentially accurate instructions given with reference thereto. Under the rule stated in the 2d division of the syllabus, there was no error in failing to define "proximate cause," or in not further elaborating the application of the term to the particular issues of the case, in the absence of a written request.

4. The 12th, 7th and 8th grounds of the motion for a new trial are dealt with together in the brief of learned counsel for plaintiff in error. The 12th ground complains of this excerpt from the

charge: "See whether she (the plaintiff), by the exercise of ordinary care on her part, could have avoided the injury to herself, if she was injured; for I charge you that, although the defendant railway company may have been negligent, yet if you should find that she, by the exercise of ordinary care, could have avoided the injury to herself, she could not recover." Exception is taken to this language as putting upon the defendant "the illegal burden of showing that plaintiff could have avoided *the injury* to herself," whereas under the language of code section 4426 it is only necessary, in order to defeat a recovery, for the jury to find that the plaintiff by the use of ordinary care could have avoided the consequences to herself of *defendant's negligence;* that such charge was particularly harmful to movant because the actual physical contact and injury to plaintiff was caused by an automobile driven by a person who had no connection with defendant; and that this charge amounted to instructing the jury that it was necessary for the defendant to show not only that plaintiff, by the exercise of ordinary care, could have avoided the consequences of defendant's negligence, but that she could have avoided injury to herself from the act of the driver of the automobile. The 7th ground alleges that the court omitted to charge "that the duty rested upon the plaintiff to exercise ordinary care to prevent the occurrence which resulted in her injury;" and that the charge given, in language above quoted, "is an entirely different proposition from the duty imposed by law upon plaintiff to use ordinary care not to put herself in a place of danger where she would be subject to injury." The 8th ground sets up that the court omitted to charge that "if plaintiff's injury was caused by her own negligence, that is to say by her failure to exercise ordinary care, she would not be entitled to recover." No exception is taken to the failure of the court to charge the substance of code section 4426, providing that, "if the plaintiff by ordinary care could have avoided the consequences to himself *caused by the defendant's negligence,* he is not entitled to recover." The 7th and 8th grounds of the motion do not seem to strike at the contention urged in the brief now under consideration; and therefore, assuming that, even without a request, the substance of section 4426 should have been given, the failure to give it is not the point raised by the exceptions actually taken, but the question is, does the quoted excerpt complained of in the 12th ground give a

rule inherently erroneous (see *Wilson* v. *Small*, 28 *Ga. App.* 587, 591, 113 S. E. 328), such as might reasonably have prejudiced the rights of the defendant? We think the language of the quoted excerpt from the charge can the better be dealt with by quoting it in connection with the language immediately preceding it and that immediately following. The judge had been instructing the jury upon the duty owed by the defendant to the plaintiff, and then this language followed: "Look and see whether the defendant railway company used toward her this ordinary care; if they did, stop there and find for the defendant. If it did not, see what its negligence consisted of, and whether she, by the exercise of ordinary care on her own part, could have avoided the injury to herself, if she was injured; for I charge you that, although the defendant railway company may have been negligent, yet if you should find that she, by the exercise of ordinary care, could have avoided the injury to herself, she could not recover. I charge you further, if you should find that the direct and proximate cause of this injury was not the negligence of the defendant, but was a separate intervening cause generated by a third party, then I charge you in that event the plaintiff could not recover, and your verdict ought to be for the defendant." Can it reasonably be said, where the judge charged the jury that, even if they should find that in certain definite particulars the defendant failed in its duty to exercise ordinary care toward the plaintiff, she still could not recover if she by the exercise of ordinary care could have avoided the injury, that such an instruction could possibly have reference to a failure of some other person to exercise ordinary care, the consequences of which she could not have reasonably avoided, especially where in the very next sentence he told them that if the proximate cause of the injury was not the negligence of the defendant but the act of a third party, she could not recover at all. We think the idea which the judge sought to convey, and the only reasonable interpretation of the language used, was in accordance, and not in conflict, with the provisions of section 4426 of the code. In another portion of the charge (to which exception is taken in the 18th ground of the motion) the judge brought out the idea with still more distinctness and clearness, as follows: "If it [the railway company] used toward her this ordinary care and diligence, it could not be held liable, but if it did not use toward her this ordinary care and dili-

gence which the law required of it, it might be held liable, provided she, by the exercise of ordinary care, could not have avoided the injury to herself, and provided the direct and proximate cause of the injury was not a separate and intervening third person." See, in this connection, *Seaboard Air-Line Ry.* v. *Andrews,* 140 *Ga.* 254, 257 (3), 258 (78 S. E. 925); *So. Ry. Co.* v. *Wallis,* 133 *Ga.* 553 (3), 556 (66 S. E. 370); *So. Ry. Co.* v. *Crabb,* 10 *Ga. App.* 559 (4) (73 S. E. 859); *So. Ry. Co.* v. *Weatherby,* 20 *Ga. App.* 399 (3, 4) (93 S. E. 31).

5. Exception is taken in the 13th and 14th grounds to the following excerpts: "If you should find that the direct and proximate cause of this injury was not the negligence of the defendant, but was a separate intervening cause generated by a third party, then I charge you in that event the plaintiff could not recover." "If there was no direct and proximate cause, because of a separate intervening third party, the mere fact a third party may have been negligent, perhaps equally negligent with the defendant railway company, if the defendant railway company was negligent, would not bar the right of the plaintiff to sue the defendant railway company for her injuries, provided it was liable. In other words, if two different parties injure a person and both are equally liable under the rules of law I have given you, if both are negligent, and both might be held liable for the injury, the plaintiff might sue one or both and recover, provided they are liable under the rules of law I have given you in charge, and provided the negligence of one is not the direct and proximate cause of the injury." It is contended that these instructions were erroneous in that they "put upon the defendant the double burden of showing not only that the proximate cause of plaintiff's injury was not the negligence of the defendant, but also the additional burden of showing that the proximate cause of the injury was a separate intervening cause generated by a third party," whereas "the finding by the jury of either of these two facts disjunctively was legally sufficient to prevent a recovery," that the defendant could defeat a recovery by showing that "its own negligence was not the proximate cause of the plaintiff's injury;" and that the second excerpt was confused and misleading, and "did not submit intelligently to the jury the issue upon the question of proximate cause made by the pleadings and by the evidence." The defendant's original

answer alleged that "the effective and proximate cause of injury was an intervening act of a separate and individual agency," and its amendment alleged that "the effective and proximate cause of the injury to the plaintiff was the intervening act of a separate and independent agency." The language quoted is not subject to the criticism of placing upon the defendant the double burden contended. The first excerpt was substantially in the language pleaded. The reasonable meaning and intent of the second excerpt sets forth a correct principle of law. In the case of *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (1) (100 S. E. 713), the following language was used: "No general yet precise and inflexible rule can be laid down with reference to the highly involved and much-discussed subject as to what constitutes the proximate cause of an injury. Consequently each case must depend for solution upon its own particular facts; but it is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause."

6. It is conceded in the supplemental brief of counsel that the 19th and 20th grounds are insufficient, and these are abandoned. The exceptions taken in the 22d ground, complaining of the omission of an instruction on the question as to "whether defendant could or could not have anticipated the negligent acts on the part of said automobile driver," and of an instruction that "if such acts could not have been anticipated, then defendant would not be liable," are without merit, under the principles already discussed. In our opinion, the charge of the trial judge was full and fair; and he having refused a new trial upon the finding by the jury on the facts, this court does not feel authorized to set the verdict aside on any of the legal assignments made.

   *Judgment affirmed. Stephens and Bell, JJ., concur.*