### 16155. SUMMERS BUGGY COMPANY *v.* ESTES.

In the charge to the jury the court erred in singling out one of the issues and giving it judicial weight by characterizing it as "the true issue in this case."

The charge that it was for the jury to decide "from the evidence in the case" what witnesses they would believe was objectionable because its effect was to limit the jury to the evidence alone in determining as to the credibility of witnesses, and to take from them the right to consider other matters, such as interest or lack of interest of the witnesses, their demeanor on the stand, and their opportunity of knowing the facts about which they testified.

Because of the erroneous instructions to the jury, the judge erred in overruling the motion for a new trial.

DECIDED OCTOBER 6, 1925. REHEARING DENIED NOVEMBER 10, 1925.

Complaint; from city court of Barnesville—Judge Redding. December 9, 1924.

Application for certiorari was denied by the Supreme Court.

*Dobbs & Barrett, Beck & Beck,* for plaintiff in error.

*Claude Christopher,* contra.

BLOODWORTH, J. This case is a close one, and the charge should have been so clear and accurate as to avoid any peradventure of the jury being misled thereby.

(*a*) The jury were told that "The contention of the plaintiff

in this case is that she had a contract,—that is, entered into a contract, with the defendant company,—a monthly contract for services to be rendered by her to the company at so much per month; that some time after she had been employed by the defendant company they increased her wages to one hundred dollars per month. Look to the evidence and see whether there was a contract, and if that was the contract between the parties. That is the true issue in this case." This was error, because it singles out one of the issues and gives judicial weight to it by characterizing it as "the true issue in this case." *Stiles* v. *Shedden, 2 Ga. App.* 317 (4), 321 (58 S. E. 515).

(*b*)  The jury were instructed also that "It is the duty of the jury not to impute perjury to any witness in the case on trial, but to reconcile all the testimony, if it can be done, so as to make all the witnesses speak the truth; but if, in considering the case, the testimony can not be reconciled so as to make all the witnesses speak the truth, then it is for the jury to decide from the evidence in the case what witness or witnesses you will believe and what witness or witnesses you will not believe." This court, in *Williams* v. *State, 25 Ga. App.* 193 (1) (102 S. E. 875), held: "It is well settled that while it is not incumbent upon the judge, in the absence of a timely and appropriate written request, to charge upon the subject of the impeachment of witnesses, yet where that subject is referred to in the charge, all of it that is material and applicable to the facts of the case should be given. *Rouse* v. *State, 2 Ga. App.* 184 (7) (58 S. E. 416); *Harper* v. *State,* 17 *Ga. App.* 561 (2) (87 S. E. 808)." Under this ruling and the facts of the case, the court erred in not giving fuller instructions upon the subject, although no request to do so was presented. This charge limited the jury to a consideration of the evidence alone in determining the credibility of the witnesses, and took from them the right to consider all other matters, such as interest or lack of interest of the witnesses, their demeanor on the stand, and their opportunity of knowing the facts about which they testified.

As, under the foregoing rulings, a new trial results, it is unnecessary to consider the other assignments of error, as none of them may recur upon another trial.

*Judgment reversed.   Broyles, C. J., and Luke, J., concur.*