24724. TRAVELERS INSURANCE COMPANY *v.* ANDERSON.

Decided March 13, 1936.

*Neely, Marshall & Greene,* for plaintiff in error.

*T. J. Lewis,* contra.

MacIntyre, J. ▮ The provisions of the Code of 1933, § 38-107, as to matters to be considered by the jury in determining where the preponderance of the evidence lies in a civil case, not

relating to a "substantial, vital, and controlling issue presented by the pleadings and evidence" (*Rome Ry. &c. Co. v. King*, 33 *Ga. App.* 383, 126 S. E. 294) in any case, but relating only to a matter merely incidental and collateral to the main issues (*Smith v. Page*, 72 *Ga.* 539), are not such as that a failure of the court to charge concerning it, in the absence of a timely written request, will require the grant of a new trial. *Askew v. Amos*, 147 *Ga.* 613 (5) (95 S. E. 5), and cit.; *Robinson v. State*, 114 *Ga.* 445 (40 S. E. 253), and cit. "An instruction should be in itself 'complete, accurate, and pertinent' with reference to the particular legal rule stated, and 'where the judge undertakes to charge upon a certain subject, although it be one upon which it is unnecessary, in the absence of a request, to instruct the jury, he must charge all the law upon that subject that is material to the facts of the case.' *Persons v. State*, 27 *Ga. App.* 592 (3) (109 S. E. 533)." *Rome Ry. &c. Co. v. King*, supra. Under the rule just quoted, this court and the Supreme Court have held that where the judge undertakes to give in charge the provisions of this section, it is his "duty to instruct the jury fully and completely with respect thereto, and not merely to charge certain portions of that section." *Gossell v. Wilder*, 46 *Ga. App.* 651 (168 S. E. 903); *Shankle v. Crowder*, 174 *Ga.* 399 (163 S. E. 180). Other cases upon this subject are *Hinson v. Hooks*, 27 *Ga. App.* 430 (108 S. E. 822); *Southern Bell Telephone &c. Co. v. Shamos*, 12 *Ga. App.* 463 (77 S. E. 312); *Summers Buggy Co. v. Estes*, 34 *Ga. App.* 407 (130 S. E. 350); *Farmers State Bank v. Kelly*, 166 *Ga.* 683 (144 S. E. 258); *Atlanta Gas-Light Co. v. Cook*, 35 *Ga. App.* 622 (134 S. E. 198); *George v. McCurdy*, 42 *Ga. App.* 614 (157 S. E. 219); *Palmer-Murphey Co. v. Barnell*, 32 *Ga. App.* 635 (124 S. E. 538). While we recognize the binding authority of these decisions, yet it has many times been held that although a particular principle of law may not be given in charge to the jury in express terms, if the language of the charge when considered as a whole is sufficient to convey the meaning and application of such principle, the omission is thereby sufficiently cured. *Mangum v. State*, 5 *Ga. App.* 445 (63 S. E. 543); *Spence v. Morrow*, 128 *Ga.* 722 (58 S. E. 356); *Thompson v. State*, 120 *Ga.* 132 (5) (47 S. E. 568). In this case (after first charging as to the burden of proof and defining preponderance of evidence) the judge instructed the jury as follows:

"In this connection you may take into consideration the number of witnesses testifying for the respective parties to the case, though I charge you that the preponderance of the evidence is not necessarily with the greater number of the witnesses. In this connection you . . have a right to consider all the facts and all of the circumstances as disclosed by the evidence in this case. . . Now, gentlemen, you are made by law the exclusive judges of the weight of the evidence in the case. It is for you alone, reviewing it by giving it careful analysis and consideration, to determine for yourselves where the preponderance of the evidence is on any issue or issues for decision by you. Likewise, the law makes you . . the exclusive judges of the credibility of the witnesses testifying in the case. Those who gave oral evidence were seen by you; you saw them as they were sworn in your presence; you heard them as they testified from the witness stand. Again, it is for you alone to put your appraisal upon them and give their evidence just such weight and credit and value as you think it is entitled to receive. Now, in this connection you have a right, of course, to consider whether or not the witnesses are parties to the case, related to the parties to the case, or interested in the case or its outcome, or the absence of interest, and the means and opportunities, or the lack of such, they may have had for knowing about the facts to which they did testify, the reasonableness of their evidence, the probability of it, the unreasonableness of it or the improbability of it, all are matters particularly for your consideration touching the credibility of the witnesses in the case. You may consider, too, in this connection their personal credibility but that insofar only as it may have appeared to you from the trial of this case." An omission to charge the jury in express language that they might consider the nature of the facts testified to and the intelligence of the witnesses was sufficiently cured by the language of the charge as a whole.

■ The court charged the jury "that total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation *in substantially his customary and usual manner*. Total disability would not exist if the insured could do substantially all of the material acts necessary to the transaction of his occupation *in substantially his*

*customary and usual manner.* Total disability would not exist when one is not wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living." This charge is a verbatim quotation from *Cato* v. *Ætna Life Insurance Co.,* 164 *Ga.* 392 (138 S. E. 787), wherein the above rules were laid down as being correct ones in determining total disability. That decision was cited and followed in *Guardian Life Ins. Co.* v. *Snow,* 51 *Ga. App.* 280 (180 S. E. 241) ; *Jefferson Standard Life Ins. Co.* v. *Oliff,* 50 *Ga. App.* 407 (178 S. E. 318) ; *Ætna Life Ins. Co.* v. *Stewart,* 49 *Ga. App.* 786 (176 S. E. 777) ; *A., B. & C. R. Benefit Asso.* v. *South,* 49 *Ga. App.* 659 (175 S. E. 924) ; *Metropolitan Life Ins. Co.* v. *McKee,* 49 *Ga. App.* 533 (176 S. E. 118) ; *N. Y. Life Ins. Co.* v. *Oliver,* 45 *Ga. App.* 756 (165 S. E. 840) ; *N. Y. Life Ins. Co.* v. *Thompson,* 45 *Ga. App.* 638 (165 S. E. 847) ; *N. Y. Life Ins. Co.* v. *Tarbutton,* 45 *Ga. App.* 97 (163 S. E. 229) ; *Marchant* v. *N. Y. Life Ins. Co.,* 42 *Ga. App.* 11 (155 S. E. 221) ; *Travelers Ins. Co.* v. *Sanders,* 47 *Ga. App.* 327 (170 S. E. 387) ; *Prudential Ins. Co.* v. *Baker,* 49 *Ga. App.* 505 (176 S. E. 134) ; *South* v. *Prudential Ins. Co.,* 47 *Ga. App.* 590 (71 S. E. 215) ; *Federal Ins. Co.* v. *Hurst,* 43 *Ga. App.* 840 (160 S. E. 533) ; *Mutual Life Ins. Co.* v. *Enecks,* 41 *Ga. App.* 644 (154 S. E. 198) ; *Prudential Ins. Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781) ; *N. Y. Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (178 S. E. 389) ; *Metropolitan Life Ins. Co.* v. *Lovell,* 50 *Ga. App.* 763 (179 S. E. 253). Exception is not taken to the above charge on the ground that it is incorrect in that it does not state that in order for the plaintiff to be totally disabled he must also be incapacitated to perform "such other employment, if any, approximating the same livelihood, as the insured might fairly be expected to follow, in view of his station, circumstances, and physical and mental capabilities" (*Prudential Ins. Co.* v. *South,* supra), but exception is taken to the portions italicized above, for the reason that "total disability would not exist . . in the inability of the insured to perform all the material acts necessary to the transaction of his or her occupation in substantially his or her customary or usual manner, but in the customary and usual manner in which business of a like character is carried on by persons in the same occupation." Counsel for the plaintiff in error contend that this charge was especially harmful in this case because

the plaintiff (defendant in error) had testified that at some time before the year 1931 she had earned as an insurance agent, in Shreveport, Louisiana, from $250 to $450 per month, and that during that period she opened her office at eight-thirty o'clock in the morning and worked until all of her prospects had been seen, and that this sometimes involved working until midnight; and it is argued that the charge authorized the jury to find that if the plaintiff was not able to put the same amount of time to the carrying on of her business, she would be totally disabled. Even though we should think the charge subject to the construction above pointed out, we doubt the authority of this court to adjudicate it erroneous, where, as shown above, this rule has been laid down by our Supreme Court as being a correct one under a policy of insurance involving provisions similar to that in the case at bar. However, upon a careful reading of the charge as a whole, we do not think it authorized or instructed the jury to find as counsel for the plaintiff in error points out. The charge was that "total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation in substantially his customary and usual manner." This charge, properly construed, merely instructed the jury that they were to ascertain "the material acts *necessary* to the transaction of the insured's occupation," and determine whether or not she could perform those *necessary* duties in her customary and usual manner; and it did not inform them that they were to determine whether or not insured could carry on her profession in her usual and customary manner. We are therefore of the opinion that the charge was not erroneous.

The defendant attempted to put in evidence the fact that certain other named persons were able to perform the duties of the same profession as that of the plaintiff (insurance agent) with blood pressure, both systolic and diastolic, as high as or higher than that of the plaintiff. The court excluded this evidence. Even though we should think it had some small probative value, which we seriously doubt in view of the fact that it is well recognized that a particular disease rarely affects two persons in the same way except in death, we do not think that it was reversible error where there was already admitted to the jury evidence to the effect that the plaintiff, even in her present condition, could carry on the material duties of a soliciting insurance agent; and it is thereby

improbable that it would have affected the result. See, in this connection, *Elliott* v. *Banks,* 115 *Ga.* 926 (42 S. E. 218).

■ Under the rulings of the Supreme Court in *Cato* v. *Ætna Life Ins. Co.,* and *Prudential Ins. Co.* v. *South,* 179 *Ga.* 653, supra, and of this court in *Prudential Ins. Co.* v. *Hicks,* 52 *Ga. App.* 311 (183 S. E. 102), followed in *Prudential Ins. Co.* v. *Richardson,* 52 *Ga. App.* 807 (184 S. E. 809), the jury were fully authorized by the evidence to find that the plaintiff was totally and permanently disabled at the time she testified that she ceased the activities of her occupation, which was before the policy lapsed for non-payment of premiums, within the meaning of the terms of the contract in this regard. The fact that she had performed a small portion of her duties, such as receiving applications for insurance, etc., was not conclusive of the fact that she was not totally disabled; nor was her admission, in an application for reinstatement of the policy after the date of the lapse, that she was in good health, conclusive of this question. See *N. Y. Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (supra). These facts were for consideration of the jury in their determination of the issue whether or not she was totally and permanently disabled. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*