## GARNER *v.* WOOD.

No. 12886. July 13, 1939.

*R. Terry* and *Ed Wohlwender Jr.,* for plaintiff in error.
*J. R. Thompson, solicitor,* contra.

JENKINS, Justice. ■ The act of 1913 (Ga. L. 1913, pp. 87, 90) as amended (Code, §§ 77-701, 77-704), establishing the Georgia Training School for Girls, and providing that the judges of the city and superior courts may in their discretion commit thereto "any girl under 18 years of age who has committed any offense against the laws of this State, not punishable by death or life imprisonment, or who habitually associates with vicious or immoral people, or who is incorrigible to such an extent that she can not be controlled by parent or guardian, there to be held until such child reaches the age of 21, unless sooner discharged, bound out, or paroled under the rules and regulations of said Board of Control," with a right of jury trial if demanded, and a right of appeal, was not enacted with the "object . . to punish for commission of a crime, but to reclaim and redeem certain classes of females from a possible criminal career," and "to protect girls under the age of 18 years, during their minority, from the evil results of association with vicious or immoral people." *Wingate* v. *Gornto*, 147 *Ga.* 192, 195 (93 S. E. 206). Since the welfare of female children is the primary purpose of this act; since the State, under its general power as parens patriæ, has the right within reasonable limits to deprive children of their liberty and their parents of their custody; since the reasonable classification of minors according to age is within the legislative power; and since due procedure with the right of jury trial whenever demanded, and with the right of appeal, are accorded, these statutes are not unconstitutional on the grounds that they violate art. 14, sec. 1, of the constitution of the United States (Code, § 1-815), or art. 1, sec. 1, par. 3, of the State constitution (§ 2-103), as depriving persons of liberty without due process of law, or as denying the equal protection of the law; or that they violate art. 1, sec. 1, par. 17, of the State constitution (§ 2-117), as creating "involuntary servitude save as a punishment for crime after legal conviction thereof;" or that they violate art. 1, sec. 4, par. 1, of the State constitution (§ 2-401), as a special law for which provision has been made by an existing general law, or as a law of general nature not having uniform operation throughout the State. State *v.* Cagle, 111 S. C. 548 (96 S. E. 291, 292); Whalen *v.* Olmstead, 61 Conn. 263 (23 Atl. 964, 15 L. R. A. 593, note); 14 R. C. L. 273, 277; 31 C. J. 1101-1104, §§ 226-228; and citations.

■ A case against a female under the age of eighteen, under the Code, § 77-704, not being a "criminal proceeding," and no indictment or written accusation signed by a prosecuting attorney or the prosecutor being required (*Wingate* v. *Gornto,* supra; and see *Williams* v. *Davidson,* 147 *Ga.* 491, 94 S. E. 564, as to trials of delinquent minors under the juvenile-court act), the judge did not err in treating the instant proceeding as civil rather than criminal, and accordingly in allowing jury strikes to the parties, swearing the jury, and charging the jury the rules of preponderance of evidence, all as applicable to civil cases, rather than in following the procedure and charging the rule of proof beyond a reasonable doubt as applicable to criminal cases.

■ A correct charge is not to be characterized as erroneous because of an omission by the court to charge in the same connection an additional pertinent legal proposition. But such an instruction should be in itself complete, accurate, and pertinent with reference to the particular legal rule stated; and where the judge undertakes to charge upon a certain subject, although it be one on which it is unnecessary, in the absence of a request, to instruct the jury, he must charge all the law upon that subject which is material to the facts of the case. *Persons* v. *State,* 27 *Ga. App.* 592 (3) (109 S. E. 533); *Rome Ry. &c. Co.* v. *King,* 33 *Ga. App.* 383 (3), 384 (126 S. E. 294), and cit. Accordingly, even though there was no request to charge, where, on the controlling jurisdictional fact in this case as to whether the defendant was under or over the age of eighteen, four witnesses testified in her favor and three to the contrary, and where "the court undertook to state the principles of the Code, § 38-107, as to how the preponderance of evidence should be determined, it was harmful error against the [defendant] to omit the final sentence of that section, that 'the jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number.'" *Tucker* v. *Talmadge,* 186 *Ga.* 798 (6), 800 (198 S. E. 726); *Farmers State Bank* v. *Kelley,* 166 *Ga.* 683 (144 S. E. 258); *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (5) (168 S. E. 903).

■ It was also error to admit, over proper objection, the evidence of a police officer, who sought to testify, not to the substantive fact as to the defendant's age or as to the general repute in the family with respect to the same, but merely that the de-

fendant's mother told him at the time of the defendant's arrest that she was then seventeen years old. Such testimony was hearsay, and for that reason inadmissible. In so far as it might have been admissible to impeach the previous testimony of the mother, no foundation had been laid for such purpose. See, in this connection, Code, § 38-303; *Lamar* v. *Allen,* 108 *Ga.* 158 (3), 162 (33 S. E. 958); *McCollum* v. *State,* 119 *Ga.* 308 (46 S. E. 431, 100 Am. St. R. 171), and cit.; *Wilson* v. *State,* 173 *Ga.* 275 (5, *a, b, c*), 291 (160 S. E. 319); *Southern Life Ins. Co.* v. *Wilkinson,* 53 *Ga.* 535 (5), 547; *Gibson* v. *Mason,* 31 *Ga. App.* 584 (4) (121 S. E. 584); *Central R.* v. *Coggin,* 73 *Ga.* 689 (3); 3 Wigmore on Evidence (2d ed.), 213-237, §§ 1480-1501; 10 R. C. L. 961, 963-965, §§ 137, 140, 141; 22 C. J. 238-240.

■ The court erred in refusing a new trial for the reasons stated in the two immediately preceding paragraphs.

*Judgment reversed. All the Justices concur, except*

ATKINSON, Presiding Justice, who dissents from so much of the ruling in division four as holds that it was error to admit, over objection, testimony of the policeman as to a declaration of the mother of the defendant concerning the latter's age. This testimony is unquestionably hearsay, but it is of some evidentiary value, and it was not error to admit it.