### KIRKMAN *v.* GILLESPIE.

|112|507|
|113|604|
|112|507|
|114|154|

1. A city court has no jurisdiction to entertain an appeal from a justice's court.
2. When a trial court, in a case over which it has, as to subject-matter, no jurisdiction, renders therein any judgment except one of dismissal, this court will reverse the same whether exception to it for want of jurisdiction in the court below be taken in the bill of exceptions or not.

Argued December 5,—Decided December 21, 1900.

Appeal. Before Judge Hobbs. City court of Albany. February term, 1900.

*Walters & Wallace*, for plaintiff in error.
*D. F. Crosland*, contra.

LUMPKIN, P. J. 1. Paragraph 2 of section 7, article 6 of the constitution of this State reads as follows: "Justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed one hundred dollars, and shall sit monthly at fixed times and places; but in all cases there may be an appeal to a jury in said court, or an appeal to the superior court, under such

regulations, as may be prescribed by law." Civil Code, § 5856. We are confident that the last clause of this paragraph was intended to confer upon the superior courts exclusive jurisdiction of appeals from justices' courts. In other words, we are of the opinion that the makers of the constitution, in framing this clause, meant to deal exhaustively with the subject of appeals with respect to justices' courts. In so doing, provision was made for only two kinds of appeals: one to juries in the justices' courts, and the other to the superior courts. The General Assembly was in terms clothed with authority to prescribe the regulations which should govern such appeals, but it was not contemplated that the legislature should have the power to provide for an appeal from a justice's court to any tribunal other than the superior court. It follows that so much of the act of 1897, creating the city court of Albany, as undertakes to confer upon that court jurisdiction over appeals from justices' courts is unconstitutional and void. Acts of 1897, p. 409. See, also, in this connection, *Kieve* v. *Ford*, 111 *Ga.* 30, wherein it was held that authority to entertain jurisdiction in certiorari cases could not constitutionally be conferred upon a city court.

2. It appears from the record in the case now before us, that J. W. Gillespie brought an action against Mrs. D. W. Kirkman in a justice's court, and obtained a judgment from which she entered an appeal to the city court of Albany. During the progress of the trial in the latter court, Mrs. Kirkman moved to dismiss the plaintiff's action, on the ground that the justice's court had no jurisdiction to try the case, because, as alleged in the motion, the amount of the plaintiff's account against her was originally over $100, and she had not consented to a credit appearing on the account which was entered by the plaintiff in order to bring the same within the jurisdiction of that court. The motion to dismiss was overruled, and there was a verdict for Gillespie, upon which a judgment in his favor was entered. Mrs. Kirkman thereupon sued out a bill of exceptions to this court, assigning error upon the refusal of the judge of the city court to sustain her motion to dismiss the action. It is immaterial to a proper disposition of the present writ of error whether the point made in that particular motion, abstractly considered, was meritorious or not. The city court ought, on its own motion, to have dismissed, not the action, but the appeal; for it had no jurisdiction to entertain the same, and consequently could not

properly have done anything with respect thereto except to enter a judgment of dismissal. The final judgment actually rendered not being one of dismissal, it was necessarily erroneous, and must be reversed. As to the practice to be pursued here in such a case, see *Smith* v. *Ferrario*, 105 *Ga.* 51, the decision in which was based on that rendered in *Pope* v. *Jones*, 79 *Ga.* 487, wherein previous cases bearing upon the subject are cited.

*Judgment reversed. All the Justices concurring.*