## 11684. SIMONS v. BARGAINER.

Set-off in the nature of damages can not be pleaded by the defendant, nor adjudicated, in an action of trover, unless some special equity, such as non-residence or insolvency of the plaintiff, is shown.

A city court can not entertain a plea which prays for affirmative equitable relief.

DECIDED JANUARY 28, 1921.

Certiorari; from Jefferson superior court — Judge Hardeman. June 5, 1920.

In the city court of Louisville Simons brought an action of bail-trover against Bargainer, alleging that the defendant was in possession of three hogs to which the plaintiff claimed title. Bargainer admitted that he was in possession of the hogs, and pleaded, as a reason why he would not deliver them to the owner, that the hogs had been allowed to run at large, and had " entered several times upon defendant's farm and destroyed his crops;" that the hogs had damaged his potato crop $35 and that he had incurred an expense of $30 for keeping the hogs, making a total claim of $65; and he prayed that " said sum be set off against plaintiff's demand, and that he may recover judgment against the plaintiff for the excess of his said damages over those plaintiff sues for." On the trial the following verdict was rendered: " We, the jury, find for the plaintiff the property in dispute, and $35.00 for defendant for damages before taking up the hogs." The plaintiff made a motion for a new trial, which was granted, and on certiorari that judgment was set aside, the judge of the superior court holding that " the evidence demanded the verdict returned, and the trial judge abused his discretion in setting aside such

verdict and ordering a new trial." To this judgment Simons excepted.

R. V. Harris, R. G. Price, for plaintiff.

J. R. Phillips, W. W. Abbot Jr., for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) In Youngblood v. Armour Fertilizer Works, 23 Ga. App. 731 (99 S. E. 314), it was held: (1) "In an action to recover specific chattels, no counter-claim is possible, unless, perhaps, equitable relief may be awarded under some very exceptional circumstances. Pomeroy, Code Remedies, § 767; Harden v. Lang, 110 Ga. 392, 399 (36 S. E. 100)." (2) "In an action of trover, recoupment in the nature of damages can not be pleaded by the defendant, nor adjudicated, unless some special equity, such as non-residence or the insolvency of the plaintiff, is shown. Bell v. Ober, 111 Ga. 668 (3), 673 (36 S. E. 904)." See also Barrow v. Mallory, 89 Ga. 76 (1) (14 S. E. 878). The defendant in this case pleaded no special equity, and under the above rulings the verdict allowing him damages was unauthorized. Even had he pleaded some special equity, his plea should have been stricken, as the case was in the city court and he was asking for affirmative relief, praying for a " judgment against the plaintiff for the excess of his said damages over those plaintiff sues for." Ragan v. Standard Scale Co., 123 Ga. 14 (1) (50 S. E. 591); Butler v. Holmes, 128 Ga. 333, 336 (57 S. E. 715), and cases cited. The judgment of the city court awarding the defendant damages was unauthorized, and the judge of that court did not err in granting a new trial, but the judge of the superior court erred in holding that the evidence demanded the verdict and in setting aside the judgment of the city court granting a new trial. Cornett v. Aull, 124 Ga. 942 (53 S. E. 460), is a case where two promissory notes were given for the purchase-money of land and bond for title was taken. Suit on one of the notes was brought in a justice's court, and the defendant filed a plea admitting the execution of the note and denying indebtedness, for reasons stated. In addition to this plea the defendant sought to set off a stated sum as damages for a tort, which the court could not entertain for want of jurisdiction over the subject-matter. The justice of the peace rendered judgment expressly for the full amount of the set-off, but the judgment was silent as to the note. It was held by the Supreme Court that the judgment granting affirmative relief to the defendant upon his

set-off was void for want of jurisdiction. " When a trial court, in a case over which it has no jurisdiction, renders therein any judgment except one of dismissal, this court will reverse the same, whether exception to it for want of jurisdiction in the court below be taken in the bill of exceptions or not. *Kirkman* v. *Gillespie,* 112 *Ga.* 507 (37 S. E. 714) ; *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38) ; *Cutts* v. *Scandrett,* 108 *Ga.* 620, 633 (34 S. E. 186) ; *Sou. Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (50 S. E. 488)." *Southern Ry. Co.* v. *Savage,* 18 *Ga. App.* 489 (2) (89 S. E. 634). " A suit in a court having no jurisdiction of the subject-matter is a nullity, and when it appears from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, that judgment will be reversed, although the point may not have been raised in the lower court. ' Consent of parties . . can not give a court jurisdiction of a subject-matter, when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment. *Smith* v. *Ferrario,* 105 *Ga.* 53, 31 S. E. 38." *Western Union Telegraph Co.* v. *Cooper,* 2 *Ga. App.* 376 (3) (58 S. E. 517). See also *Ragan* v. *Standard Scale Co.,* 123 *Ga.* 14 (2) (50 S. E. 591) ; *Sing Wah* v. *Singer,* 110 *Ga.* 299 (34 S. E. 1027).

The judgment of the judge of the superior court sustaining the certiorari is reversed, with direction that the judge of the city court of Louisville be instructed to strike the plea of set-off.

*Judgment reversed with direction. Broyles, C. J., and Luke, J.. concur.*