### 12248.  PICKENS COMPANY *v.* CRAVEN.

HILL, J.  " Where on the trial of a case exceptions pendente lite are filed to an interlocutory ruling of the court, which, if rendered as contended for by the complaining party, would finally dispose of the case, the excepting party can come to this court by direct bill of exceptions," filed within thirty days from the adjournment of the court or the date of the decision at chambers; and, in the event the court shall not adjourn within thirty days from the date of the organization and opening of the court, then such bill of exceptions shall be tendered to the judge who presided in the case within sixty days from the date of the decision complained of, and, without making a motion for a new trial, he can secure a review of the ruling complained of which necessarily controlled the final result of the case adversely to him.  If after final trial the losing party makes a motion for a new trial, which is afterwards dismissed by the trial judge because never perfected by the filing and approval of the brief of the evidence, and no exception is made to this judgment dismissing the motion for a new trial, and the only judgment excepted to is the one covered by the pendente lite exceptions, he cannot, after the time for bringing such direct bill of exceptions has expired, assign error on such exceptions pendente lite so as to have them considered by this court.  The ruling of the Supreme Court in *Reed* v. *Warnock*, 146 *Ga.* 484 (91 S. E. 545), is directly controlling, and under the authority of that decision the bill of exceptions must be dismissed.

*Writ of error dismissed.  Jenkins, P. J., and Stephens, J., concur.*
· DECIDED MAY 14, 1921.

Action for damages; from Wayne superior court — Judge Highsmith.  January 15, 1921.

Application for certiorari was denied by the Supreme Court.

*Gibbs & Turner, Wilson & Bennell*, for plaintiff in error.

*James R. Thomas*, contra.