13234.   VEAL *v.* THE STATE.

LUKE, J. 1. Where on the trial of a criminal case exceptions pendente lite are filed to an interlocutory ruling of the court, and a final disposition of the case would have been made if the court had rendered a decision or judgment such as the complaining party contends should have been rendered instead of that complained of, he can come to this court by direct bill of exceptions filed within twenty days from the date of the decision complained of; or, without making a motion for a new trial, he can secure a review of an order, ruling, or judgment which necessarily controlled the final result of the case adversely to him. But if after final trial the losing party makes a motion for a new trial, which is afterwards dismissed by the trial judge, he cannot, after the time for bringing such direct bill of exceptions has expired, assign error in the main bill of exceptions on the exceptions pendente lite so as to have them considered by this court. *Reed* v. *War-*

*nock*, 146 *Ga.* 483 (2) (91 S. E. 545), Especially is this true where, as in the instant case, there is no exception to the dismissal of the motion for a new trial, the only exceptions being to the interlocutory rulings of the court, which were preserved by exceptions pendente lite and upon which error was assigned in a bill of exceptions tendered within twenty days of the dismissal of the motion for a new trial.

2. The foregoing ruling is not affected by the fact that in the instant case it affirmatively appears from the bill of exceptions and the record in the case that the court had not adjourned, and that the bill of exceptions was tendered within sixty days of the judgments excepted to, since section 6152 of the Civil Code of 1910, which provides that in the event the court shall not adjourn within thirty days from the date of the organization and opening of the court, then such bill of exceptions shall be tendered to the judge within sixty days of the date of the decision complained of, does not apply in a criminal case. See in this connection, Civil Code (1910), § 6153; *Wallace* v. *State*, 16 *Ga. App.* 32 (84 S. E. 486); *Roberts* v. *Northwestern Ins. Co.*, 143 *Ga.* 780, 784 (85 S. E. 1043).

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 15, 1922.

Indictment for misdemeanor; from Bibb superior court — Judge Malcolm D. Jones. January 6, 1922.

*R. J. Stephens,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.