18773. AUTOMOBILE INSURANCE COMPANY OF HARTFORD *v.* WATSON.

STEPHENS, J. 1. Motions for new trial in the municipal court of Atlanta, when the principal sum sued for is in excess of $500, must be made under the same rules and regulations that govern such motions in the superior courts, and must therefore be in writing. Ga. L. 1925, pp. 370, 383; Civil Code (1910), § 6080. It follows, that where, in the municipal court of Atlanta, in a case in which the principal amount sued for was $1500, a verdict and judgment were rendered for the plaintiff in the principal sum of $1113.20, and the defendant made no *written* motion for a new trial during the term and within the time required by law, but made only an *oral* motion for a new trial in open court and instanter upon the rendition of the verdict and judgment, the making of which motion the trial judge, in open court, immediately noted of record and set for a hearing at a subsequent date,

at the same time granting the defendant a supersedeas, the oral motion for a new trial and the supersedeas were nullities, notwithstanding the motion was made and noted in open court in the presence of the plaintiff's counsel, the plaintiff not consenting thereto. The court did not err in sustaining a motion, made by the plaintiff at a subsequent term of court, to vacate the order granting the supersedeas.

2. Although the plaintiff, as the respondent in the oral motion for a new trial appeared at the time and place set for the hearing of the motion, and also appeared at the times and places at which the hearing upon the motion was from time to time continued by order of the court, and consented to the continuances of the hearing in order to afford counsel for the movant sufficient time within which to perfect the record, and continuances were accordingly granted by written orders of the court, in which all the rights of the parties were duly preserved, the appearance at the times and places set for the hearing, and the consent to the continuances by the respondent, gave no validity to the oral motion for a new trial or to the order granting the supersedeas, and conferred no jurisdiction upon the court to entertain the motion for a new trial. *Garraux* v. *Ross*, 150 *Ga.* 645 (104 S. E. 907).

3. A written amendment to the oral motion for a new trial, offered at a subsequent term of court, can not, by reason of its being filed too late, be treated as an original motion for a new trial; and since, at the subsequent term of court, there was in existence no valid motion for a new trial, because of a failure of the movant to file a written motion for a new trial at the trial term and within the period provided by law, the court did not err, at this subsequent term, on a date for which a hearing upon the oral motion had been set, in refusing to issue a rule nisi upon the motion for a new trial, or to approve a written amendment to the oral motion for a new trial, or to approve a brief of the evidence presented by the movant for the court's approval. Where, on that date, the court also passed an order nunc pro tunc, as of the date of the order revoking the supersedeas, reciting therein that no valid written motion for a new trial had been made at the term of court at which the trial was had and the judgment rendered, and that the movant had failed to file a brief of the evidence within the time required by law, and that the entry of the oral motion for a new trial was a nullity, an error, if there was any, in passing this order, in view of the fact that there was no valid motion for a new trial, was harmless to the movant.

4. There being no exception in the appellate division to any final judgment affecting the verdict and judgment rendered for the plaintiff upon the trial, and the motion for a new trial being void, no questions for determination were preserved by the movant's exceptions pendente lite to the judgment of the trial judge overruling the demurrers to the petition. *Reed* v. *Warnock*, 146 *Ga.* 483 (2) (91 S. E. 545); *Taylor* v. *Tanner*, 143 *Ga.* 18 (84 S. E. 68); *Pickens* v. *Craven*, 27 *Ga. App.* 100 (107 S. E. 358); *Veal* v. *State*, 28 *Ga. App.* 701 (112 S. E. 911).

5. The appellate division of the municipal court of Atlanta did not err in dismissing the appeal from an order of the trial judge overruling a motion for a "new trial," excepting to the order revoking the supersedeas; and the appellate division did not err in affirming, on appeal

by the movant, the rendition of the order nunc pro tunc and the refusal of the trial judge to issue a rule nisi on the motion for a new trial or to allow the movant to file an amendment to the motion for a new trial or to approve the brief of evidence tendered by the movant. The superior court therefore properly overruled the certiorari brought by the movant excepting to these two judgments of the appellate division of the municipal court.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 7, 1929.

REHEARING DENIED MARCH 2, 1929.

*Bryan & Middlebrooks, Chauncey Middlebrooks, Noah J. Stone,* for plaintiff in error.

*T. M. Stubbs, McDaniel & Neely,* contra.