KESSLER *et al. v.* GODLEY *et al.*

No. 8042.   JULY 20, 1931.   REHEARING DENIED JULY 25, 1931.

*Ulmer & Dowell, Perry Brannen,* and *Clarence T. Guylon,* for plaintiffs in error.

*Oliver & Oliver, A. L. Purvis, W. C. Little,* and *Paul E. Seabrook,* contra.

BECK, P. J.  Mrs. Carrie Walton Godley individually and as guardian of her minor children, together with the other heirs of Nathan Godley, deceased, brought suit against E. B. Hinely. Hinely filed his answer, and also vouched Washington Kessler and Perry Kessler into court to defend their title to certain lands, the timber upon which he alleged they had sold to him.  The vouchees also filed their answer.  The case was tried on October 18, 1926, and under the evidence submitted and the charge of the court the jury returned a verdict in favor of the defendant.  A motion for a new trial was overruled.  To that judgment the movants excepted, and the case was brought by writ of error to this court, and the judgment was reversed.  The case came on for a second trial; and after the introduction of evidence the trial judge, on April 22, 1930, directed a verdict for the plaintiffs, leaving to be determined

by the jury the amount and the value of the timber cut by the defendant under a contract with the several vouchees. Questions were propounded to the jury, and a verdict was returned in favor of the plaintiffs, "in accordance with the directions and instructions of the presiding judge." The defendant and the vouchees filed their motion for a new trial, the grounds of which were duly approved, and the case was set for a hearing at a subsequent date. On April 22, 1930, the judge allowed to be entered of record a decree, to which the vouchees (the plaintiffs in error) excepted. On May 16, 1930, the vouchees moved to vacate and set aside designated parts or portions of the decree, and to amend the decree in ways therein specified. This motion, after hearing on June 14, 1930, was overruled, and the vouchees filed exceptions pendente lite, assigning error upon that ruling. The motion for new trial was dismissed by the movants on August 29, 1930. There was no exception to the judgment dismissing the motion for a new trial, but the plaintiffs in error (the vouchees) sued out a writ of error, assigning error upon their exceptions pendente lite, wherein they had excepted to the judgment rendered June 14, 1930, overruling and disallowing the motion previously made by them to vacate and set aside "designated parts or portions of the decree and judgment and to amend the decree and judgment in ways specified."

The defendants in error filed a motion to dismiss the writ of error, on the ground that the bill of exceptions was "not tendered to the trial judge within the time prescribed by law, the judgment and decree complained of having been entered on April 24, 1930, and the interlocutory motion filed by the defendants in the lower court having been overruled on June 14, 1930, and the bill of exceptions having been tendered and certified on August 29, 1930," more than sixty days after the date of the judgment rendered on April 24, 1930, and more than sixty days also from the date of the judgment overruling the motion to vacate, set aside, modify, and amend the decree of June 14, 1930. The recitals of fact contained in this motion being true, the bill of exceptions was not tendered within the time prescribed by the statute; and consequently the writ of error must be dismissed. Civil Code, § 6152; *Merlins* v. *Pritchard,* 135 *Ga.* 643 (70 S. E. 328); *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545); *Pickens Co.* v. *Craven,* 27 *Ga. App.* 100 (107 S. E. 358); *Veal* v. *State,* 28 *Ga. App.* 701 (112 S. E. 911). *Writ of error dismissed. All the Justices concur.*