*W. V. Custer & Son,* contra.

## 21043. FEDERAL LIFE INSURANCE CO. *v.* HURST.

*Bryan, Middlebrooks & Carter, Dillon, Calhoun & Dillon,* for plaintiff in error.

*W. H. Terrell,* contra.

BELL, J.   E. S. Hurst brought suit in the municipal court of Atlanta against Federal Life Insurance Company.   The trial resulted in a judgment of nonsuit on January 29, 1930.   The plaintiff's exceptions to this judgment and to intermediate rulings were presented to the trial court, and left in the clerk's office, on February 5, 1930, but because there was no brief of evidence accompanying such exceptions "the court did not file or certify same" at that time.   Orders were passed by the trial judge on February 4 and February 18, 1930, respectively, extending the time for the preparation of the brief of evidence.   The brief having been perfected and approved on or before February 26, 1930, the exceptions were on that date certified and ordered filed, over objection of the defendant "that said appeal [was] not filed within the time required by law."   The defendant took no exception to the overruling of this objection, but at the hearing before the

appellate division moved to dismiss the plaintiff's "exceptions or appeal" upon the same ground. The appellate division overruled the motion to dismiss, and, upon a consideration of the case upon its merits, reversed the judgment of the trial court awarding the nonsuit. The defendant then carried the case by certiorari to the superior court, assigning error on these rulings, and, the petition for certiorari being overruled, the defendant excepted.

The action was brought upon an accident-insurance policy containing the following provision upon which the plaintiff relied for a recovery: "If such injuries, independently and exclusively of all other causes, wholly and continuously shall disable the insured from the date of accident from performing any and every kind of duty pertaining to his occupation, as long as the insured lives and suffers said total disability, the company will pay a monthly indemnity of $100." The suit was to recover $100 per month for the period of twenty months from March 20, 1928, to November 20, 1929, inclusive.

From the evidence it appeared that the plaintiff was a teacher of dancing and at the time of the issuance of the policy was operating a dancing school in the city of Atlanta. He claimed to have been struck by an automobile in the city of New York sometime in 1927, and that as a result of injuries then received he was totally disabled from performing any of the substantial duties of his occupation, and was entitled to be indemnified under the provisions of the policy. Other facts will be stated in the opinion.

█ It is our opinion that the appellate division of the municipal court erred in overruling the motion to dismiss the plaintiff's exceptions. The act of 1913 (Ga. L. 1913, p. 145) establishing the municipal court of Atlanta was amended in several particulars in 1925 (Ga. L. 1925, p. 370). The act was again amended in 1927 (Ga. L. 1927, p. 388). The law relating to the question for decision, as taken from the several acts referred to, is contained in section 42 of the act of 1925 as amended by the act of 1927. This section, after first providing for the making and granting of motions for new trial, and for the method of procedure in such matters, goes on to prescribe the practice on exceptions and appeals to the appellate division, in the following language, the

part which is taken from the act of 1927 being indicated by brackets:

42 (b) "Should the judge decline to grant said oral or written motion for new trial, as the case may be, he shall pass an order to that effect, and appeal shall lie therefrom to the appellate division of said court upon any ground of new trial which would be ground for new trial in the superior court. [All rulings of the trial court which under the practice in the superior courts would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial court within ten days from the date of the ruling complained of, and certified to by the trial court and ordered filed and transmitted to the appellate division of said court after final judgment in the trial court, as elsewhere herein provided for in case of appeals.]

42 (c) "Should the movant desire to enter an appeal to the appellate division of said court from the order denying a new trial he shall, within ten days from the order overruling the oral motion for a new trial, file a written statement of the grounds of his motion, and the errors of which he complains, together with a written brief of so much of the evidence adduced on the trial of the case as may be necessary to a clear understanding of the errors complained of, the brief of evidence and the grounds of said motion to be certified as true by the trial judge before the same shall be filed, unless further time is granted by the trial judge for the perfection and approval of the brief of evidence, in which case the trial judge shall order the brief filed, subject to correction and approval at such time as he shall fix."

According to the record, the plaintiff's exceptions were presented within the period of ten days, as prescribed in subsection b, but in order to confer jurisdiction upon the appellate division it was necessary that such exceptions should also be certified and ordered filed "as elsewhere herein provided for in case of appeals." The "elsewhere" can only refer to subsection c, which provides that in case of an appeal from an order denying a new trial the movant shall file a written statement of the grounds of his motion and the errors of which he complains, within ten days of the order overruling the motion, and that the grounds of the

motion shall be certified as true by the trial judge before the same shall be filed. If the statement of the grounds of the motion and of the errors complained of must be filed within ten days, but must be certified ·before filing, it follows that the certification must also be obtained before the expiration of this period, and that a filing without certification is unauthorized. The provision as to granting time for the perfection and approval of the ' brief of evidence has no application to the approval of the grounds of the motion for a new trial. *Dean* v. *Johnson,* 18 *Ga. App.* 661 (90 S. E. 286) ; *Atlanta & West Point R. Co.* v. *Williams Brick Co.,* 36 *Ga. App.* 814 (138 S. E. 248).

We therefore conclude that subsection b, in pointing to subsection c for the law as to the certification and filing of exceptions, must be construed as limiting the time for the performance of these acts in accordance with the latter provision. Since it is thus provided, in effect, that the exceptions cannot be filed until they are certified, the mere deposit of exceptions in the office of the clerk is not a filing within the meaning of the statute. The filing of the exceptions within the time prescribed by law is a prerequisite to the acquiring of jurisdiction by the appellate division, and it affirmatively appears in the instant case that the statute was not complied with in this respect. See, in this connection, *Pryor* v. *Pryor,* 164 *Ga.* 7 (137 S. E. 567) ; *Estes* v. *Callahan,* 164 *Ga.* 744 (139 S. E. 532) ; *King* v. *State,* 169 *Ga.* 15 (2) (149 S. E. 650) ; *Reese* v. *Miller,* 33 *Ga. App.* 442 (126 S. E. 904) ; *Automobile Ins. Co.* v. *Watson,* 39 *Ga. App.* 244 (146 S. E. 922) ; *Branon* v. *Ellbee Pictures Corp.,* 40 *Ga. App.* 450 (150 S. E. 168) ; *Coppedge Dry Cleaning Co.* v. *Levine,* 41 *Ga. App.* 382 (2) (153 S. E. 206).

Moreover, subsection (c) contemplates that a brief of evidence of some sort must be presented along with the appeal, and it is doubtful whether the trial judge has any authority to extend the time for the perfection ,and approval of the brief of evidence, where the movant has tendered no brief whatever which the judge may order "filed, subject to correction and approval at such time as he shall fix."

The motion to dismiss the exceptions in this case was based upon the ground that they were filed too late, and we are of the opinion that the motion was good. It also appears that the excep-

tions were not certified within the prescribed period, and this was a further reason why the appellate division did not acquire jurisdiction. The law in this regard as applicable to the municipal court appears to be substantially the same as the rule in reference to the certification of appeals or exceptions as it existed prior to the act of 1896. Ga. L. 1896, p. 45, Civil Code (1910), § 6187. Compare *Walker* v. *Equitable Mortgage Co.,* 100 *Ga.* 84 (26 S. E. 75) ; *Jones* v. *State,* 100 *Ga.* 579 (2) (28 S. E. 396).

If the exceptions were not certified in time, it was the duty of the appellate division to take notice of this fact and to dismiss the exceptions of its own motion, irrespective of whether the particular defect was included as a ground of the defendant's motion to dismiss. *Kirkman* v. *Gillespie,* 112 *Ga.* 507 (2) (37 S. E. 714) ; *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857) ; *Southern Ry. Co.* v. *Savage,* 18 *Ga. App.* 489 (2) (89 S. E. 634) ; *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879) ; *Simons* v. *Bargainer,* 26 *Ga. App.* 251, 253 (105 S. E. 714).

It appears that the delay in certification and filing of the exceptions was due to the fact that the official reporter had not transcribed the evidence in time for the preparation of a brief of evidence within the period of ten days. The statute does not excuse the presentation of a brief of evidence upon this ground. *Dykes* v. *Brock,* 128 *Ga.* 395, 397 (57 S. E. 700) ; *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889 (36 S. E. 967). A compliance with the statute is necessary in order to preserve jurisdiction and to transfer it from the trial court to the appellate division. If the law is too strict in this regard, the remedy is a relaxation of the rule by act of the General Assembly.

But what is a party to do if the judge should improperly refuse to certify an appeal which has been duly prepared and presented? It may be that he could protect himself by an application for the writ of mandamus; but this, of course, is not a question for decision in the present case. Civil Code (1910), §§ 5440, 5441; *Duke* v. *Kelly,* 136 *Ga.* 832 (72 S. E. 250).

■ The plaintiff contends that the defendant was estopped to question the jurisdiction of the appellate division, because defendant's counsel appeared before the trial judge and objected to the certification, and did not except to the overruling of the objection. We can not agree with plaintiff's counsel on this point. The

certification and order of filing was not such an order or judgment in the case as could be made the subject-matter of exception, and the rights of the parties were in no way affected by the making and overruling of the defendant's objection to that procedure. *Chandler* v. *Baggett,* 13 *Ga. App.* 333 (4) (79 S. E. 179); *Gainesville Buggy Co.* v. *Morrow,* 23 *Ga. App.* 268 (2) (98 S. E. 100); *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907); *Dix* v. *Dix,* 132 *Ga.* 630 (4) (64 S. E. 790); 3 C. J. 529.

■ But even if the appeal had been filed and certified in due time, the judgment of nonsuit as therein excepted to was not erroneous, and the appellate division committed error in sustaining such appeal.

The evidence abundantly established the plaintiff's contention that he was injured as alleged in the petition, but failed to show that he was wholly disabled "from performing any and every kind of duty pertaining to his occupation," within the purview and meaning of the contract. According to the plaintiff's own testimony, he was still able to solicit pupils, collect tuition, give lectures, employ instructors, conduct a dancing hall, and to perform the other usual duties of his occupation except the actual dancing with his pupils. He was in constant attendance at his place of business during the entire period covered by the suit, and experienced no substantial change in its operation except that he removed to a different location and brought in a partner. It is true there was some evidence that his business had ceased to be profitable, but this condition could have resulted from other causes.

The evidence showed without dispute that even before he was injured he danced with his pupils only for the purpose of giving a few preliminary instructions, after which the pupils would be entrusted to other teachers for continued practice and training. Only a small portion of the plaintiff's time was ever devoted to personal activity in the way of dancing, and however important it may have been that the pupils were properly instructed in the preliminary steps, the inability of the plaintiff to continue this part of his work did not require him to abandon substantially all of the usual and customary duties of his occupation. Under the terms of the particular contract, the plaintiff was not entitled to recover without proof of an incapacity that went at least to this extent. *Williams* v. *Preferred Mutual Accident Asso.,* 91 *Ga.* 698

(17 S. E. 782); *Vess* v. *United Benevolent Society,* 120 *Ga.* 411 (47 S. E. 942); *Cato* v. *Ætna Life Ins. Co.,* 164 *Ga.* 392 (138 S. E. 787). The present case is distinguished by its facts from the case of *Marchant* v. *New York Life Ins. Co.,* 42 *Ga. App.* 11 (2) (155 S. E. 221).

■ For the purpose of establishing a former adjudication as to some matters and an estoppel by judgment as to others, the plaintiff alleged in his petition that in a former suit based upon the same clause of the policy he had recovered the sum of $300 for a period immediately preceding that for which the present suit was instituted. The trial court sustained a demurrer to this part of the petition, and also excluded evidence offered in support thereof, and these rulings were excepted to in the plaintiff's appeal to the appellate division.

The plaintiff contends that because of the former adjudication the defendant is estopped from insisting that the plaintiff was not wholly disabled, within the meaning of the policy. The plaintiff pleaded nothing as to the evidence in the former suit, and did not show that the verdict and judgment were rendered upon evidence of facts identical with those upon which he now relies to establish a total disability. Seemingly the plaintiff was entitled to plead and prove the former suit and judgment as settling a number of issues, but neither the pleadings nor the proof as to the prior litigation went so far as to show that the plaintiff had obtained a finding of total disability upon facts substantially the same as those proved in the instant case; and, therefore, the result as to this issue was not affected by any error which the court may have committed in striking the allegations and excluding the evidence as to such prior litigation and judgment.

The plaintiff is relying upon estoppel by judgment, and for a judgment to operate as an estoppel it must decide the same question of which subsequent adjudication between the same parties is sought. The true test is identity of issues. *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482 (2) (75 S. E. 640). "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear from the record introduced in support of the plea that several issues were in-

volved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea." *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 111, 69 L. R. A. 483, 2 Ann. Cas. 650); *Irvin* v. *Spratlin,* 127 *Ga.* 240, 244 (55 S. E. 1037, 9 Ann. Cas. 341); *Harris* v. *Equitable Securities Co.,* 129 *Ga.* 241 (58 S. E. 831); *Bonds* v. *Brown,* 133 *Ga.* 451 (66 S. E. 156); *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260); *Odom* v. *Attaway,* 41 *Ga. App.* 51 (3, 4) (152 S. E. 148).

"When it appears on the face of the record that the question in controversy in the second suit was litigated in the first, the mere production of the record will be enough, but when it does not so appear, it must be shown *aliunde* by parol evidence, and the burden of proof rests on the party who maintains the affirmative. If the record shows that the same matter *might* have been litigated in the former action, then the fact that they were actually decided in that former action may be proved by extrinsic evidence." *Johnson* v. *Lovelace,* 61 *Ga.* 62, 64.

That the plaintiff may have been "wholly and continuously disabled" at one period of time was not conclusive evidence that he would continue in such condition so long as he lived, and the policy provided for liability only for "so long as the insured lives and suffers said total disability." If the plaintiff was totally disabled during the period covered by the former suit, but later experienced a change of condition and was not so disabled during the time referred to in the second suit, the defendant was entitled to rely upon this fact as a defense to the subsequent action. Compare *Southern Ry. Co.* v. *Cook,* 117 *Ga.* 286 (2) (43 S. E. 697); *Milner* v. *Gatlin,* 143 *Ga.* 816 (4) (85 S. E. 1045, L. R. A. 1916B, 977); *Gillens* v. *Gillens,* 148 *Ga.* 631 (97 S. E. 669).

It does not appear that the evidence was the same in both cases, nor were the pleadings and the judgment in the prior suit sufficient in themselves to show estoppel by judgment.

■ In any view of the case, the judgment of the appellate division was erroneous, and the superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*