22824. SOUTH *v.* PRUDENTIAL INSURANCE COMPANY.

SUTTON, J. The plaintiff was employed by a railroad terminal company as a switchman. It took an able-bodied man with two feet and two hands to perform this work. The plaintiff was insured by the defendant insurance company against death and accident. He met with an accident which necessitated the amputation of his arm just below his shoulder. The policy provided that total disability, within the meaning of the policy, existed whenever the insured was "rendered wholly, continuously, and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his life." The plaintiff was unable to continue as a switchman, on account of such injury, railroad and terminal companies not employing one-armed men in such capacity. He filed a claim with the insurance company and it refused to pay the same and denied liability, on the ground that the insured was not totally disabled within the meaning of the above clause in the policy. He filed suit against the insurance company. On the trial the foregoing facts appeared. There was also evidence to the effect that the plaintiff had not earned any money since his injury and was unable to perform any substantial work, and that while he lived on the farm with his father, he was not able to do any farm work on account of such injury. Upon the conclusion of the plaintiff's evidence, the court granted a nonsuit, and to this judgment plaintiff excepts. *Held*, that this case is controlled by the rulings of the Supreme Court in *Cato* v. *Ætna Life Insurance Co.*, 164 *Ga.* 392 (138 S. E. 787), and of this court in *Marchant* v. *New York Life Insurance Co.*, 42 *Ga. App.* 11 (155 S. E. 221), and *New York Life Insurance Co.* v. *Thompson*, 45 *Ga. App.* 638 (165 S. E. 847). The plaintiff made out a case showing that he was totally disabled, within the meaning of that term as construed by the above decisions, and his case should have been submitted to the jury.

*Judgment reversed. Stephens and MacIntyre, JJ., concur.*

DECIDED SEPTEMBER 5, 1933. REHEARING DENIED SEPTEMBER 27, 1933.

*T. J. Lewis, John T. Dennis*, for plaintiff.
*Spalding, MacDougald & Sibley, Estes Doremus*, for defendant.