26897. HENDRIX, executor, *et al. v.* HENDRIX, next friend, *et al.*

DECIDED JUNE 29, 1938.

*O. Lee White,* for plaintiffs in error. *Mozley & Combs,* contra.

FELTON, J. This was an appeal from the court of ordinary setting apart a year's support to a widow and her minor children. The administrator of the estate and certain heirs filed a caveat on the grounds, (1) that the widow had executed a valid agreement with the adult children of the deceased husband and father by a former marriage, on her and her minor children's behalf, agreeing to accept the right and privilege of continuing to live on the home place of the deceased during the widow's life or widowhood in lieu of year's support and dower, (2) that after the execution of the agreement the widow ratified it with full knowledge of its contents and of her right to a year's support, (3) that the amount set apart was excessive, and (4) that the deceased owned only an undivided interest in the property set apart. Grounds 1 and 2 of the caveat were stricken on demurrer in so far as they related to the rights of the minors. Ground 4 was also stricken on demurrer. The jury found in favor of the year's support for the widow and minor children. The caveators' motion for new trial was overruled. Exceptions were taken to that ruling, and to the sustaining of the demurrers to the caveat.

The evidence on the questions as to whether the widow was

mentally competent to execute the agreement to use the home place in lieu of year's support and dower, and whether she later ratified it, and as to whether the amount set apart was excessive, was sharply conflicting. The finding by the jury settled the issues; and since the evidence supported the verdict and has the approval of the trial judge, it will not here be disturbed.

■ There was no error in sustaining the demurrer to the ground of the caveat contesting the estate's title to some of the land. The court of ordinary, and the superior court on appeal from the court of ordinary, were without jurisdiction to try the issue of title.

■ In view of the fact that the jury found that the widow was not mentally competent to bind herself by the agreement she signed, and that she did not later ratify it, the ruling by the court that such agreement or ratification thereof would only bind the widow, even if erroneous, which we do not decide, was not harmful to the caveators.

■ Where one of the grounds of a motion for new trial is alleged newly discovered evidence, and it appears without dispute that the witness having knowledge of such evidence is now dead, such ground will not be passed on by this court. There was no error in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*