28443. NEW YORK LIFE INSURANCE COMPANY v. HOWARD.

DECIDED DECEMBER 5, 1940.

868

*C. L. Cowart, A. S. Bradley,* for plaintiff in error.

*B. D. Dubberly, G. B. Everitt,* contra.

FELTON, J. (After stating the foregoing facts.) Under the rulings of the Supreme Court in *Cato* v. *Ætna Life Insurance Co.,* 164 *Ga.* 392 (138 S. E. 787), and *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781), the evidence on behalf of the insured in this case did not authorize the finding that he was permanently disabled.  It does not appear from his evidence in sufficient detail what his ordinary and customary duties were before his alleged disability began. It does appear that he desisted from certain physical duties, but these did not constitute the substantial part of his total duties.  Not only did the insured not desist from attending to his farm operations, or

from performing certain duties with reference to his other businesses, but he undertook other duties, service in the General Assembly and the administration of a brother's estate. It nowhere appears from the record that there was any diminution in the earnings of the insured. In order for a finding of total and permanent disability to stand there must be evidence to authorize the finding that, by reason of an actual disability, the insured has desisted from the performance of the greater part, a substantial part, of his customary duties. Under the evidence the jury could not ascertain whether the insured had refrained from performing one half, one fourth, three fourths, or eight tenths of his customary duties. The cases cited by the defendant in error, such as *New York Life Insurance Co.* v. *Thompson,* 50 *Ga. App.* 413 (178 S. E. 389), and *New York Life Insurance Co.* v. *Bradford,* 57 *Ga. App.* 657 (196 S. E. 92), do not apply to the circumstances of this case. In these cases the evidence was sufficient to show that the insureds, in their particular circumstances, were totally and permanently disabled. The principle announced in *Federal Life Insurance Co.* v. *Hurst,* 43 *Ga. App.* 840 (3) (160 S. E. 533) is more nearly applicable to the facts of this case. We do not say that the evidence in this case demands a finding against total and permanent disability. It simply does not show sufficient facts to authorize a finding as to what the extent of the disability was. The court erred in overruling the motion for new trial containing the general grounds.

*Judgment reversed. MacIntyre, J., concurs. Sutton, J., dissents. Stephens, P. J., disqualified.*

SUTTON, J., dissenting. The plaintiff was a turpentine operator and farmer. He testified, that as a naval stores or turpentine operator some of his duties were inspecting, cruising, and estimating timber for turpentine purposes, securing labor and demonstrating to the laborers how the work was to be done, and that in doing these things it was necessary for him to walk or ride horseback a great deal; that other duties were in burning woods and keeping fire from his timber lands, and that this work was very tiring physically; that it was also necessary to do a lot of other odd jobs in connection with this business; that he had farmed practically all of his life, and in doing so had plowed and hoed, and that, when a hand would be out and it was necessary he went ahead and made a hand and did the work himself; that he looked after his hired

help and demonstrated to them how he wanted the work to be done; that he raised stock in connection with his farming, and that in doing this he was required to ride horseback and walk in the woods in gathering up his cattle and hogs, and that he also did the marking of his cattle; that he performed all of his duties as turpentine operator, farmer, and stock raiser prior to March, 1938, but that since that time, on account of his disability from heart trouble, he had not been able to do his usual work and customary duties in respect to these occupations, and had refrained from doing those duties on the advice of his physicians and had not done them since about March, 1938; that any kind of worry or mental strain affected him; and that his heart attacks occurred any time he took any exercise that was at all taxing to his strength, and that he had refrained from doing any of those things that would cause him to suffer in that respect. There was medical testimony to the effect that the plaintiff had angina, heart disease, and had been so suffering since March, 1938; that his condition in this respect was permanent; that he was growing gradually worse; and that any kind of work, physical or mental, requiring exertion would be considered dangerous to a person suffering with heart disease.

The insurance contract sued on provided for the payment of total and permanent disability benefits, and in this respect contained the following provision: "Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit." The disability provision in the present case is controlled by the same principle as ruled in *Cato v. Ætna Life Insurance Co.*, 164 *Ga.* 392, supra: "Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living. . . When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner. . . Total disability does not mean absolute physical inability to work at one's occupation, or to pursue some occupation for wages or gain; but it exists

if the injury or disease of the insured is such that common care and prudence require him to desist, and he does in fact desist, from transacting his business. In such circumstances total disability exists." To the same effect see *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653, supra; *Marchant* v. *New York Life Insurance Co.,* 42 *Ga. App.* 11 (155 S. E. 221); *South* v. *Prudential Insurance Co.,* 47 *Ga. App.* 590 (171 S. E. 215); *New York Life Insurance Co.* v. *Thompson,* 50 *Ga. App.* 413, 416, supra; *New York Life Insurance Co.* v. *Bradford,* 55 *Ga. App.* 248, 259 (189 S. E. 914).

While it is true that the plaintiff was interested in and part owner of other naval-stores businesses, that of Howard and Howard which his brother actively supervised and directed, that of Howard and Parker which was in charge of and looked after by Mr. Parker, and the plaintiff's own naval-stores business was in charge of and directed by his son-in-law, Mr. Yawn, and while the income and returns from his business may not have been materially decreased, still it appears from the evidence that he was unable to do substantially all of the material acts necessary to the transaction of his business and occupation, in substantially his customary and usual manner, since he had been afflicted with heart disease, and that common care and prudence required him to desist, and he did in fact desist, from performing his usual and customary .duties as a turpentine operator and farmer. Under the evidence in the present case and the rulings of law as contained in the authorities above mentioned, I am of the opinion that the jury was authorized to find that the plaintiff was totally and permanently disabled, and that the judgment overruling the motion for new trial should be affirmed.