## 29089. PRUDENTIAL INSURANCE COMPANY *v.* ROWLAND.

DECIDED OCTOBER 31, 1941.

*John G. Fulwood, Jones, Jones & Sparks,* for plaintiff in error. *Robley D. Smith,* contra.

MACINTYRE, J. The policy of life insurance in question contained a disability provision that the insured was entitled to benefits if he should "become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously, and permanently unable to engage in any occupation or perform any work for any

kind of compensation of financial value during the remainder of his (or her) lifetime." In April, 1930, the plaintiff developed sinus trouble. He tried a number of doctors, being sick for several months, and finally went to a hospital at Lake City, Florida, where he remained approximately two months. In addition to the provision quoted above the policy provided that permanency should be presumed on proof of total disability during a period of not less than ninety consecutive days immediately preceding receipt of such proof. Under this ninety-day clause the company granted benefits, and continued to pay benefits from that time, 1930, until April 6, 1939, approximately nine years. The policy provided for proof of continuance of disability, on demand from time to time by the company. In May, 1939, the company discontinued payment of benefits. The insured then brought this suit to recover the installments alleged to have been payable for the month of May, 1939, and the monthly installments thereafter until the trial. As stated in the defendant's brief, the only question is whether, under the evidence, the plaintiff was totally disabled in May, 1939, and thereafter, substantially meaning up to the time of the trial.

"Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living." *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (2) (138 S. E. 787). The plaintiff was a farmer at the time the alleged total and permanent disability arose, and operated a one-horse farm. He contends that his disability still continues. The jury was authorized to find that the material basic essential element of the duties of this one-horse farmer was the actual tilling of the soil, and that a "substantial part of his ordinary duties" was the preparation of the soil for planting his crop by plowing, the putting out of fertilizer, the running of the seed drill, the cultivation of the crop by plowing, hoeing, and other field work necessary to grow and harvest the crop, which involved long and arduous labor. The jury was also authorized to find that before the plaintiff's disability he could and did perform all of these necessary and customary duties, and that after the disability arose he was unable to perform any of these duties as well as certain collateral duties such as cutting wood and digging stumps; that he could still perform such duties as feeding the stock, making or supervising the making of repairs on his farm, and, most of the time, could supervise the work

on the farm, though some days he was unable to do even this, which duties were only collateral to the material acts which he could not do but which were necessary in carrying on the ordinary duties of his one-horse farm substantially in the manner in which he had customarily and usually performed them before his alleged disability. In other words, the jury, under the rules of law given them as stated in the *Cato* case, supra, was authorized to find that the insured was totally and permanently disabled as contemplated under the terms of the policy, for the period of time set forth in the petition.

*Federal Life Insurance Co.* v. *Hurst,* 43 *Ga. App.* 840 (160 S. E. 533), is distinguishable on its facts from the instant case. There the insured was able after his injuries to execute many of the other important duties of his profession, and was forced to desist only from actual dancing, which was only a small portion of his customary activities, whereas here such was not the case.

It is not without difficulty that cases of this character are decided. However, in the instant case the jury was the judge of the issues of fact, and having resolved these issues in favor of the plaintiff and its finding being authorized by the evidence, this court can not interfere. *Mutual Life Insurance Co.* v. *Childs,* 64 *Ga. App.* 658 (14 S. E. 2d, 165); *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499); *New York Life Insurance Co.* v. *Thompson,* 50 *Ga. App.* 413 (178 S. E. 389). See *John Hancock Mutual Life Insurance Co.* v. *Frazer,* 66 *Ga. App.,* post ( S. E. ).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*