## 31552. McDANIEL v. SELMAN.

DECIDED APRIL 10, 1947.

*Jesse M. Sellers,* for plaintiff. *Graham Wright,* for defendant.

Sutton, P. J. Effie McDaniel applied to the Court of Ordinary of Chattooga County for the appointment of appraisers to set apart to her a twelve-months' support out of the estate of her deceased husband, Laz McDaniel. The appraisers were duly appointed and qualified and they made and filed an award in which

they set apart to the widow an undivided interest in certain real estate. O. A. Selman filed an objection to the award on the ground that he held title to such interest under a deed to secure debt executed by Laz McDaniel in his favor. On the hearing, the ordinary found in favor of the objection to the award, and the case was appealed by the widow to the superior court, where a trial was had before a judge and a jury.

On the trial in the superior court, the instrument executed by Laz McDaniel to O. A. Selman was allowed in evidence, over the objections of the widow, and, there being no further evidence, the judge directed a verdict in favor of the objection to the award made by the appraisers. The widow filed a motion for a new trial, which she later amended by adding two special grounds. The exception here is to the judgment overruling the amended motion for a new trial.

■ The trial judge directed a verdict in favor of Selman on the ground that the instrument executed by Laz McDaniel was a security deed and that the title to the land set apart by the appraisers to the widow was not in the estate of Laz McDaniel at the time the award was made by the appraisers. That was the view taken by the ordinary when he sustained the objection to the award of the appraisers setting apart the year's support. "The court of ordinary and the superior court on appeal from the court of ordinary were without jurisdiction to try the issue of title." *Hendrix* v. *Hendrix*, 58 *Ga. App.* 144, 145 (197 S. E. 926). It was held in *Dix* v. *Dix*, 132 *Ga.* 630 (2) (64 S. E. 790), "A court of ordinary has no jurisdiction to try and determine conflicting claims of ownership of property, arising between a widow applying for the setting apart of a year's support and a person asserting title adversely to the estate of her deceased husband;" and in the opinion (page 634), it was ruled: "Where the court of ordinary is without jurisdiction to deal with a particular subject-matter, or to make a decision in regard to it, an effort to do so is ineffectual; and this is true whether want of jurisdiction of the subject-matter is urged before that court or not." Also, see *Home Building & Loan Association* v. *Cherry*, 62 *Ga.* 269, 271; *Smith* v. *Pitchford*, 189 *Ga.* 307, 309 (5 S. E. 2d, 766); *Latham* v. *Fowler*, 192 *Ga.* 686, 691 (16 S. E. 2d, 591).

Under the law applicable to this case, the court of ordinary and

the superior court on appeal from the court of ordinary were without jurisdiction to hear and determine the issue as to the title to the land described in the award made by the appraisers, and claimed by O. A. Selman. When a trial court, in a case over which it has, as to subject-matter, no jurisdiction, renders therein any judgment except one of dismissal, this court will reverse the same whether exception to it be taken in the bill of exceptions or not. *Kirkman* v. *Gillespie,* 112 *Ga.* 507 (37 S. E. 714). Also, see *Stamey* v. *Hill,* 114 *Ga.* 154 (39 S. E. 949).

■ Accordingly, the judgment appealed from in the present case must be reversed.

*Judgment reversed. Felton and Parker, JJ., concur.*